Ruffin, C. J.
 

 For the reasons stated by his Honor, we think his opinion right. If the relator had endeavored to prove the connection between the defendant and his supposed deputy by the deed or writing, constituting the deputation, it would have been incumbent
 
 on him to
 
 produce the written instrument itself, or to have
 
 taken
 
 such other steps as would let him in to prove its contents. But the relator did not offer evidence of that description. He proved that Hedge-peth acted as the defendant’s deputy, not only in the particular instance, for which he now endeavors to make the defendant responsible, but generally as under Sheriff in the execution of mesne and final process, and other official duties. From the defendant it comes out that he had made Hedge-peth his deputy by deed ; and for that reason he asked to exclude the relator from all circumstantial evidence of the fact, however cogent. But the objection is untenable. The relator cannot be bound to produce a document, the existence of which he has no means of ascertaining, and still less of gaining a knowledge of its contents. There are many analogous cases. One is the case of partners. If a suit be brought by persons in that character and it be shown they contracted by deed, they must produce the instrument, in order to show who are the partners. They have the instrument, and, therefore, must not keep it back. But if a suit be brought
 
 against
 
 co-partners, it is sufficient to prove that they acted as such¡ and so held themselves out to the world. 2 Stark. Ev. 585.
 
 *55
 
 Another case is that of an ordinary agency, which is established by showing a course of dealing by one person for another, and the recognition by the one of the acts of the other in similar instances. In fine, the relation between the defendant and his deputy is established by means like those, which establish the relation between the public and the Sheriff himself, namely, by showing that he acted as such, without going back to his election and legal qualification..
 

 Per Curiam. Judgment affirmed.