Daniel, J.
 

 First, the defendant insists, that, as no defalcation took place, until after the expiration of his written deputation to Gulledge, he is not responsible in this action. We think he is. In England, the bailiff is not the general recognized officer of the sheriff, like the under sheriff. It is from the warrant issued by the sheriff', or the deputy in the name of the sheriff, and not from his appointment as a sheriff’s officer, that the bailiff derives his authority to execute the writ. Therefore the acts of a regular sheriff’s bailiff, in the execution of process, are not sufficient to fix the sheriff with a liability for such acts, without proving the warrant.
 
 Drake
 
 v.
 
 Sykes, 7
 
 Term, R. 113. Watson on Sheriffs, 36. But the acts done in the name of a Sheriff by a person, who is proved to have acted generally as deputy sheriff, are good.
 
 Doe on dem. James
 
 v. Brown, 5 Barn. and Ald. 243.
 
 Francis
 
 v.
 
 Neaves,
 
 3 Brod. and Bing. 26. In the case of the
 
 State
 
 v.
 
 McEntire,
 
 3 Ired. 174, the court said, that a person who undertakes an office and is in office, though he might not be duly appointed, is yet, from the possession of its authorities and the enjoyment
 
 *43
 
 of its emoluments, bound to perform all the duties and liable for their omission, in the same manner as if the appointment were strictly legal. And in the
 
 State
 
 v. McIntosh,
 
 2
 
 Ired. 53, the court said, that the relation between the sheriff and his deputy may be established by the same means, by whieh that between the sheriff and the public is established; namely, by shewing that he acted as such, without going back to his appointment. Indeed, in that case, the very point which is now before us, was decided. We know of no law, which requires the sheriff to make his deputation in writing. If a man acts as deputy, with the knowledge and consent of the high sheriff, the high sheriff is as much bound for his acts and omissions, as if the deputation were in writing. If that were not so, the public might sustain great injury. Secondly, the defendant contends that the receipts, given by Gulledge as deputy sheriff, for the claims put in his hands, were not evidence against him. We think they were evidence against him as admissions by the deputy. The admissions or declarations of the deputy are evidence agaiust the high sheriff, when they accompany the official acts of the deputy, or tend to charge him, he being the real party in the cause, for he is the
 
 agent
 
 of the high sheriff.
 
 Snowball v. Godrick,
 
 4 Barn. and Ald. 541.
 
 Yabsley v.
 
 Doble, 1 Ld. Ray, 190.
 
 Drake
 
 v.
 
 Sykes, 7
 
 Term. R. 113.
 
 State
 
 v. Fullenwider, 4 Ired. 366. Thirdly, the defendant insists, that the court erred in charging the jury, that they might give interest at the rate of 6 per cent, per annum, from the time the claims bore interest up' to the time of the demand on the sheriff; when in law, he says, the interest should have been calculated on the debts only up to the times when they were received by Gulledge. We think theie was no error in this part of the charge. The time or times, when Gulledge received the moneys from the several persons owing the claims, was not exactly ascertained; and, as the money was not paid to the plaintiff, when demanded, a presumption arose that Gulledge had used it as soon as he collected it, and the defendant offered no evidence to rebut this presumption. There is no other rule for making him liable for the interest which he collected, as
 
 *44
 
 he knew best when and how much he did collect.
 
 Fourthly,
 
 the defendant insists, that it was
 
 error for
 
 the judge to charge the jury, that he was liable to 12 per cent, per annum by way 0f damages, from the time of demand up to the trial. We think the charge was correct in this particular also. The Act of Assembly of 1819 (Rev. Stat. ch. 81, sec. 5) subjects sheriffs, constables, <fcc. to 12 per cent, per annum damages for the nonpayment of moneys collected by them, from the time of the detention from any person, having a right to require the payment thereof, up to the payment, and such damages shall form part of the judgment. On the sum on which the six per cent, interest was given up to the demand, twelve ought to be given afterwards, The Apt of Assembly of 1836 (Rev. Stat. ch. 109, sec. 23) declares, that whenever a sheriff or deputy shall receive claims for collection, it shall he his duty to collect them and pay them over, and, in default of such duty, he shall be liable to the owner for damages, which may be recovered on the official bond. And the sheriff and his sureties shall be liable, in like manner and for like damages, as are provided for in the case of money collected by sheriffs under process of law. And we know that, by the common law, the high sheriff is liable for any injury occasioned by neglect of duty in the under sheriff; the high sheriff
 
 alone
 
 is responsible to the party injured.
 
 State
 
 v. Fullenwider, 4 Ired. 366. Watson on Sheriffs, 33,
 

 Per Curiam, Judgment affirmed,