There is no doubt upon this question of evidence. The act of 1836, Rev. State., ch. 109, sec. 23, makes the sheriff and his sureties liable for claims placed in the hands of a deputy. The receipt of the deputy for the claim is evidence against the sheriff when given in the discharge of official duties; and this is a receipt of that kind. S. v. Allen,27 N.C. 36. Indeed, the receipt of the deputy being the act of an agent, is in law the receipt of the sheriff himself, and binds him accordingly — as if the deputy receive the money on an execution and give an acquittance therefor, or return satisfaction on the execution in the sheriff's name. It is true that in S. v. Fullenwider, 26 N.C. 364, it was held that a constable's receipt for a claim to collect was not evidence against the sureties. But probably on account of that case that has been altered by the act of 1844, which makes the receipt or acknowledge of the sheriff, or any other officer, or any other matter or thing which is admissible against him, competent also against his sureties. The act is remedial, and this is the receipt of the sheriff, within the meaning of the act; and, at all events, it is an instrument which is competent evidence against the sheriff, and it is, therefore, admissible against all the defendants.
PER CURIAM. No error.
(379)