J. C. WILSON v. E. L. CLARK et al.

*Negligence—Proportions—Contractors—Religious Associations—Master and Servant.*

In an action to recover damages for injuries alleged to have been received by the plaintiff, while assisting as an employee in the erection of a church, it appeared that defendants were members of a committee appointed by the church organization for which the building was being erected, to supervise its construction, but they had no other interest, except as members of the church, in the structure: *Held*—

1. That the evidence did not establish the relation of master and servant between the plaintiff and defendants.

2. That the defendants were not proprietors or contractors, and in no aspect liable to plaintiff for his alleged injuries.

CIVIL ACTION, tried at August Term, 1890, of BUNCOMBE Superior Court, *Philips, J.,* presiding.

The plaintiff, in several causes of action, presenting different aspects of defendants' liability, alleged that defendants were the proprietors, or contractors of a certain building upon which he was employed by them, and that while so employed, by their negligent conduct, and the negligent conduct of their agents and servants, he was seriously injured without any fault on his part. The answer denied the material averments of the complaint.

It was in evidence that a religious association known as "Hominy Baptist Church," desiring to build a house of worship, appointed the defendants, who were members of that organization, a committee to represent it in the execution of the purpose. The defendants accordingly procured suitable designs and specifications from an architect, solicited and collected subscriptions of money and labor, employed a superintendent and in other ways gave their services in the prosecution of the work. The members of the committee also worked upon the building as laborers, and sometimes employed laborers, not on their own account, but as representing the church. There was some conflict of evidence as to whether the plaintiff was ever employed by anyone. While the roof was being put on, the plaintiff, who was a carpenter, was called from a point at which he had been working, on the ground, to assist in placing a rafter, and while so doing, the upper part of the structure gave way and he was precipitated to the ground, and received serious injuries.

There was much testimony as to the manner in which the accident occurred, but at the close of the evidence his Honor intimated an opinion that, upon all the evidence the plaintiff was not entitled to recover, whereupon the plaintiff submitted to a nonsuit and appealed.

*Mr. W. H Malone*, for plaintiff.
*Mr. T. F. Davidson*, for defendants.

MERRIMON, C. J.: Accepting the whole of the voluminous evidence produced on the trial as true, we concur fully in the opinion of the Court, that in no aspect of it was the plaintiff entitled to recover in this action. It did not at all tend to prove that the defendants, or any of them, were "the proprietors" of the building known as "Hominy Baptist Church," or that they had any interest in it, except that some of them were commissioners and members of that church, and others of them were laborers engaged in constructing the church building The building in process of construction was not that of the defendants, nor did the evidence show that they were contractors to build it. The commissioners and the superintendent of the work employed some of the laborers, not for themselves or on their own account, but for the church as an organization. It is doubtful whether the plaintiff was employed by the commissioners—the evidence tended strongly to prove that he asked to be, and was allowed to labor on the building for the purpose of paying part of the sum of money a contributor to the fund to build the church had promised to pay—he was indebted to that contributor—but in the strongest view of the evidence for him, he was no more than a laborer employed to do work for the church and not for the defendants. The latter were not his employers, nor were they liable to him for the injury he sustained in any aspect of the several causes of action—all substantially the same—alleged in the complaint.

Affirmed.