MYRTLE HANIE, Administratrix, v. JOE RICE and B. H. PENLAND.

(Filed 21 September, 1927.)

**Sheriffs—Special Deputies—Principal and Agent—Damages—Respondeat Superior—Criminal Law—Homicide—Accident.**

The civil liability of a sheriff for the accidental killing of a bystander by his special deputy while attempting to arrest one for the violation of the criminal law, by shooting at and missing the supposed but unidentified offender under a John Doe warrant, depends upon the question as to whether the special deputy was acting officially at the time within the authority deputized, and where the evidence discloses only that he had been appointed a special deputy without defining his duties, and had sworn out the warrant in his own name, and was acting without the knowledge of the sheriff, and the killing happened to a bystander in

attempting to make the arrest, it is not sufficient to make the sheriff liable in damages therefor. The authority of a sheriff to appoint deputies and their powers stated by BROGDEN, J.

PETITION to rehear. This was a civil action, tried before *Schenck, J.*, at November Term, 1926, of BUNCOMBE.

The plaintiff is the duly appointed administratrix of Garfield Hanie, her husband, who was killed by the defendant Joe Rice on or about 7 April, 1924. The plaintiff further alleged and offered evidence tending to show that Joe Rice was a special deputy of the defendant, D. H. Penland, sheriff of Buncombe County; that on or about 6 April, 1924, the said Joe Rice went to the office of B. L. Lyda, a justice of the peace of Asheville, and made an affidavit, upon oath, that one ................ did unlawfully, etc., maintain and set up a gambling board, to wit, "a punchboard," etc. Thereupon, on 6 April, 1924, the said justice of the peace issued a warrant directed "to any constable or other lawful officer of Buncombe County, commanding the arrest of 'John Doe, alias.' " Thereafter, on 7 April, 1924, the said Joe Rice, special deputy, went to Woodfin, on the Weaverville road, and saw a man who he was informed was the "punchboard man." This unidentified person got in his car and started to move off. Rice jumped on the running board. The occupant of the car either pushed Rice off the car or Rice got off, and thereupon drew his pistol and began to fire at the car. Garfield Hanie, plaintiff's intestate, passed by the side of the car at that time and was shot by the defendant Rice and killed. It does not appear who the occupant of the car was, or whether he was the "punchboard" man or not. Garfield Hanie, plaintiff's intestate, was an innocent bystander, and had no connection whatever with the transaction. The defendant Rice contended that the shooting of Hanie was an accident. However, he filed no answer, and judgment was taken against him by default. The cause of action alleged by plaintiff against defendant Penland is based upon the theory that the sheriff is responsible for the negligence of his deputies.

The foregoing cause was decided and an opinion delivered by the Court on 25 May, 1927, and reported in 193 N. C., p. 800. The record, as presented to the Court, showed upon its face that the suit had not been brought within one year after the cause of action accrued, and for this reason the Court sustained a judgment of nonsuit entered by the lower court. The parties filed a petition to rehear from which it appears, by consent of the parties, that a former suit had been instituted by the same parties in the Superior Court of Buncombe County and a nonsuit taken, and that the present suit was brought within the time required by statute, and that "by inadvertence the original or first sum-

mons and judgment of nonsuit was omitted from the record on appeal to the Supreme Court." In pursuance of such consent by all parties, amending the record as aforesaid, the case is reconsidered.

*W. R. Gudger and Zeb F. Curtis for plaintiff.*
*A. Hall Johnston for defendant Penland.*

BROGDEN, J. What is the law with reference to the civil liability of a sheriff for the unlawful killing of a third party by a special deputy in attempting to make an arrest?

"Deputy sheriffs are of two kinds: (a) A general deputy, or under-sheriff, who, by virtue of his appointment, has authority to execute all the ordinary duties of the office of sheriff (Com. Dig. tit. 'Viscount,' 542, B. 1); one who executes process without special authority from the sheriff, and may even delegate authority in the name of the sheriff, or its execution, to a special deputy. (b) A special deputy, who is an officer *pro hac vice* to execute a particular writ on some certain occasion, but acts under a specific and not a general appointment and authority." *Allen, J.,* in *Lanier v. Greenville,* 174 N. C., 316. In *R. R. v. Fisher,* 109 N. C., p. 1, the law is thus stated: "The right to appoint under-sheriffs or bailiffs and deputies is not always, if generally, regulated by statute. These subordinates are the servants and agents of the sheriff, and his responsibility for them and relations with them are controlled, generally, by the law governing the relation of principal and agent. While public policy may have induced the Courts to hold his responsibility in some instances to be greater, never less, than that of a principal, for the acts of his agent within the scope of the agency, our Code is still silent as to the manner of appointment or the distinct duties of both general and special deputies, while this Court has declared that there is no provision of the common law which requires the deputation of a sheriff to be in writing, and that in any action against a sheriff, for the misconduct of a person alleged to be his deputy, it is not necessary to prove a deputation, but it is sufficient simply to show that the person acted as deputy with the consent or privity of the sheriff." The principle is referred to in several cases in this State. *S. v. Fullenwider,* 26 N. C., 364; *S. v. Allen,* 27 N. C., 36; *Patterson v. Britt,* 33 N. C., 383; *S. v. McIntosh,* 24 N. C., 53; *Eaton v. Kelly,* 72 N. C., 110.

The paramount question in determining the civil liability of a sheriff for the misconduct of a special deputy, depends upon whether or not the special deputy was acting within the scope of his authority, or whether or not the act was the official act of the special deputy sheriff. In *Jones v. Van Bever,* 164 Ky., 80 L. R. A. (1915 E.), 172, the test

in determining whether the act complained of was such an official act as to impose liability upon the sheriff is thus stated: "It will thus be seen that the test as to whether the officer is acting by virtue of his office is whether he is either armed with a valid writ, or had authority to make the arrest without a writ, under a statute. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is, at the time, no statute which authorizes the act to be done without a writ, then the officer is not acting by virtue of his office." The authorities relating to the subject are arrayed and reviewed in the foregoing case. See, also, *Adkins v. Camp,* 105 Southern, 877; *Miles v. Wright,* 12 A. L. R., 970; *Jordan v. Neer,* 125 Pac., 1117.; *Brown v. Wallis,* 12 L. R. A. (N. S.), 1019; *Mead v. Young,* 19 N. C., 521.

Applying the test deduced from the authorities to the case now under consideration, it appears that Rice was a special deputy of Sheriff Penland. It does not appear what his duties were as such special deputy. It further appears that special deputy Rice, without the knowledge, suggestion or direction of the sheriff, voluntarily went to a justice of the peace and procured a blank warrant or a "John Doe" warrant. The affidavit upon which he procured the warrant was signed by him in his individual capacity. The affidavit did not name any particular person. The warrant issued by the justice of the peace was directed "to any constable or other lawful officer of Buncombe County," commanding such officer "to arrest John Doe, alias," etc. It does not appear that any complaint had ever been made to the sheriff about the violation of the law complained of, or that he authorized or consented to the issue of the warrant, or that he knew anything at all about it.

Upon the evidence contained in the record we are of the opinion that the special deputy was not acting in the line of his duty, or within the scope of his authority as such, nor was he acting by virtue of his office or under color thereof, but entirely and exclusively as a volunteer, and therefore the defendant sheriff is not liable for the injury complained of.

Affirmed.