MRS. W. P. STARLING, WIDOW, AND LOUISE STARLING (AGE 15), IDA MAY STARLING (AGE 11), PAUL JONES STARLING (AGE 8) AND SAMMIE STARLING (AGE 6), CHILDREN, ALL DEPENDENTS OF W. P. STARLING, DECEASED, v. JOHN R. MORRIS, SHERIFF, AND/OR NEW HANOVER COUNTY, AND/OR ROYAL INDEMNITY COMPANY.

(Filed 13 April, 1932.)

**Master and Servant F b—Evidence held insufficient to support finding that deceased was killed in accident arising out of employment.**

Where the evidence in a proceeding under the Workmen's Compensation Act tends to show that the sheriff of a county duly deputized the deceased solely for the purpose of serving such process as should be delivered to him for that purpose and should receive as his compensation the fees allowed therefor by law, but that the deceased was not regularly employed as a regular deputy sheriff with authority to act generally for the sheriff, and that the deceased, with other deputies, attempted to apprehend the driver of a truck transporting intoxicating liquor, acting upon information by third persons, but without warrants and without personal knowledge that the driver of the truck was engaged in a violation of the law, and that his death was caused by being shot in the attempt to stop the driver of a mail truck: *Held,* the deceased was acting upon his own initiative and not in behalf of the sheriff, and the evidence is insufficient to support the finding of the Industrial Commission that the deceased was killed in an accident arising out of and in the course of his employment, and the judgment of the Superior Court vacating the award to his dependents is affirmed. As to whether such deputy sheriff was an employee within the meaning of the Compensation Act, N. C. Code, 8081(i), *quære?*

APPEAL by plaintiffs from *Barnhill, J.,* at January Term, 1932, of NEW HANOVER. Affirmed.

STARLING v. MORRIS.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act, upon the contentions of the claimants (1) that they are the dependents of W. P. Starling, deceased; (2) that at the date of his death the said W. P. Starling was an employee of John R. Morris, sheriff, and/or of New Hanover County; (3) that the death of the said W. P. Starling was the result of an accident which arose out of and in the course of his employment, and (4) that both the said employee and his said employers were bound by the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was first heard, at Wilmington, N. C., on 27 June, 1931, by Commissioner Dorsett, who found from the evidence the following facts:

"1. The parties to this cause are all bound by the provisions of the North Carolina Workmen's Compensation Act. Sheriff Morris, at the time of the injury by accident suffered by deputy sheriff W. P. Starling, had in his employ five persons. The county of New Hanover, by the statute, is bound by the provisions of the Compensation Act. The Royal Indemnity Company is the insurance carrier of the county of New Hanover.

2. On 15 March, 1931, W. P. Starling, while regularly employed by John R. Morris, sheriff of New Hanover County, suffered an injury by accident which arose out of and in the course of his employment, which resulted in his death.

3. W. P. Starling, deceased, was not, at the time of the accident and of his death, an employee of the county of New Hanover.

4. Sheriff, John R. Morris, at the time of the accident suffered by W. P. Starling, had not complied with the provisions of the North Carolina Workmen's Compensation Act by purchasing compensation insurance or by becoming a self-insurer. He was an employer subject to the provisions of the North Carolina Workmen's Compensation Act, but without compensation insurance.

5. The average weekly wage of W. P. Starling at the time of the accident which resulted in his death was $30.00.

6. At the time of the accident and death of W. P. Starling, he had dependent upon him for support his wife and four minor children. The wife and minor children were wholly dependent upon the earnings of W. P. Starling, deceased, for their support."

In accordance with his conclusions of law based upon the foregoing facts found by him, Commissioner Dorsett, made an award as follows:

"It is directed that the defendant, sheriff John R. Morris, pay to Mrs. W. P. Starling, widow of W. P. Starling, deceased, for her use and the

use of her four minor children, compensation at the rate of $18.00 per week for a period not to exceed 350 weeks, nor the sum of $6,000. The defendant, John R. Morris, will also pay any hospital or medical bills incurred because of the accident."

From this award, John R. Morris appealed to the full Commission. Upon the hearing of said appeal, the findings of fact and conclusions of law made by Commissioner Dorsett were approved and adopted by the full Commission. The defendant, John R. Morris, appealed from the award of the Commission to the Superior Court of New Hanover County.

Upon the hearing of the appeal to the Superior Court, judgment was rendered as follows:

"This cause comes on to be heard before Hon. M. V. Barnhill, judge presiding, at this the January Special Term, 1932, of the Superior Court of New Hanover County, upon the appeal of the defendant, John R. Morris, from the award of the North Carolina Industrial Commission against the defendant Morris in behalf of the plaintiffs. Both plaintiffs and defendant are represented by counsel.

The cause being heard, upon an examination of the evidence, it appears therefrom that the deceased, W. P. Starling, was duly deputized by the defendant, John R. Morris, sheriff of New Hanover County, as a deputy under said sheriff; that the contract of employment did not contemplate the whole-time service of said deceased, but that he was to serve such process, criminal or civil, which might be delivered to him for that purpose by the sheriff, and was to receive as his compensation for such services such fees as arose out of the service of such process so delivered to him; that on the night of his death, he, together with certain other deputies, acting on unconfirmed information that some unknown party was bringing into New Hanover County a load of intoxicating liquor, went out in the direction that information caused them to believe such party was coming from; that none of the officers present had a warrant or other process for the arrest of the person for whom they were looking, or for any other person, and none of the officers present had personal knowledge that the person for whom they were looking was in the act of violating the prohibition law.

That the officers, including the deceased, stopped a United States mail truck for the purpose of discovering whether the driver thereof answered the description of the person for whom they were looking, the person for whom they were looking being a Negro, and the driver of the truck being a white person; that growing out of the stoppage of said truck the deceased was killed during an exchange of shots between the officers and the driver of the truck.

Upon the foregoing facts, which include the substance of all the evidence appearing in the record bearing upon the question as to whether the deceased came to his death from an accident connected with and growing out of his employment, the court is of opinion, and so holds, that there is no sufficient evidence in the record to support the finding of the Commission, being finding No. 2, as follows:

'On 15 March, 1931, W. P. Starling, while regularly employed by John R. Morris, sheriff of New Hanover County, suffered an injury by accident which arose out of and in the course of his employment which resulted in his death.'

It is therefore ordered, considered and adjudged that the award by the North Carolina Industrial Commission against the defendant, John R. Morris, and in behalf of the dependents of the deceased, W. P. Starling, be and the same is hereby reversed, set aside and vacated.

It is further ordered, considered and adjudged that the plaintiffs recover nothing and that the defendant, John R. Morris, go hence without day and recover his costs."

From this judgment, the plaintiffs appealed to the Supreme Court.

*Kenneth C. Royall and Andrew C. McIntosh for plaintiffs.*
*Burney & McClelland for defendants.*

CONNOR, J. We concur in the opinion of the judge presiding at the January Term, 1932, of the Superior Court of New Hanover County, that there is no sufficient evidence appearing in the record in this proceeding to support the finding of fact by the North Carolina Industrial Commission to the effect that at the time of the accident which resulted in his death, W. P. Starling was regularly employed by John R. Morris,. sheriff of New Hanover County, as a deputy sheriff, and that while so employed he suffered an injury by accident which arose out of and in the course of his employment.

All the evidence shows that W. P. Starling was designated by the sheriff as a special deputy, soon after the sheriff qualified for the discharge of the duties of his office, with the understanding between him and the sheriff, that from time to time, at the option of the sheriff, he would be employed to serve process specially delivered. to him by the sheriff for that purpose, and that he would receive the fees allowed by law for the service of such process. He received no salary or wages from the sheriff or from New Hanover County. W. P. Starling was not a regular deputy sheriff, employed by the sheriff, with authority to act generally for and in behalf of the sheriff, but only a special deputy subject to employment by the sheriff at such times and for such services as the sheriff might determine.

At the time of the accident which resulted in his death, W. P. Starling was not engaged in the service of any process specially delivered to him by the sheriff for that purpose, nor was he engaged in the performance of any duty required of him by the sheriff. He was acting solely on his own initiative, and not for or in behalf of the sheriff. He was undertaking with others to stop a truck on a State highway under the apprehension that the driver of the truck was transporting intoxicating liquor, in violation of the law. Neither he nor any one in his party had a warrant for the arrest of the driver of the truck, or of any other person, or for the seizure and search of the truck. No one in the party had personal knowledge that the driver of the truck was engaged in a violation of the law.

There is no error in the judgment setting aside and vacating the award in this proceeding by the North Carolina Industrial Commission. The judgment is affirmed.

In *Hanie v. Penland,* 194 N. C., 234, 139 S. E., 380, it was held by this Court that where a special deputy sheriff, while undertaking to arrest a person charged with the commission of a crime, by virtue of a warrant procured by the special deputy on his own initiative, shot and killed an innocent bystander, the sheriff was not liable in damages to the administratrix of the deceased person, for the reason that at the time he shot and killed the plaintiff's intestate, the deputy sheriff was not acting within the scope of his employment. He was acting entirely and exclusively as a volunteer. The principle on which that case was decided is applicable to and determinative of the question presented by this appeal.

The question as to whether the relation between the sheriff of a county in this State, and one who has been appointed by him as a deputy sheriff, is that of employer and employee, within the meaning of those words as used in the North Carolina Workmen's Compensation Act is not presented by this appeal. In view, however, of the definitions in the statute of the words, "employment," "employer" and "employee," as used therein, it may well be doubted that a deputy sheriff is an employee of the sheriff by whom he was appointed, within the meaning of those words as used in the act. See N. C. Code, section 8081(i); section 2, chapter 120, Public Laws, 1929. However that may be, there is no error in the judgment in this proceeding. It is

Affirmed.