## INDUSTRIAL COMM v HENDERSON

Ohio Appeals, 5th Dist, Coshocton Co

No 196.   Decided May 6, 1932

**LEMERT, J.**

The claim was made in the court below and is now made in this court that the defendant in error was not an employee of the County Commissioners, nor the County Commissioners employer, within the meaning of the Workmen's Compensation Law of Ohio.

The employer within the meaning of the Workmen's Compensation Law insofar as it applies to the case at bar, is defined in §1465-61, GC, which reads as follows:

"Every person in the service of the state, or of any county, * * * under any appointment or contract of hire, express or implied, oral or written, etc * * *."

We therefore start out with the proposition that before defendant in error can recover he must prove that he was at the time of injury under a contract of hire.

The contract in this case is a written contract; the contract herein is plain, clear and unambiguous.

We do not believe that it is a contract for hire but is a contract for a certain job of work.

It is a well recognized rule that when a man is hired he is hired to perform some act. This contract was not one which required any services on the part of the defendant in error. It called for his doing a job of work by the use of men, materials and machinery. There is nothing in the contract calling for any part of the work to be done by the defendant in error himself.

Under this contract he had a rght to employ the men he needed, pay them such wages as he saw fit, discharge them if he desired to, or in other words he had the entire control of the men performing the work under this contract.

While it is true that the contract provided that the work should be done according to plans and specifications prepared by and under the supervision of the county surveyor or engineer, but neither the defendant in error, if he performed any of the work on the job, nor any of the men performing work on the job, were under the control of said county surveyor or engineer. The work was to be done according to plans and specifications and the county surveyor or engineer had authority by the terms of the contract as well as by the statute to see that the contract was carried out according to these plans and specifications, but the men who were at work upon the job were not under the direction or control of the county surveyor or engineer.

See 34 Oh St 638.

From an examination of the contract in this case, we find that it is the usual and kind of contract entered into by county, city, state or political sub-division.

The contract is clear that defendant in error was the contractor. If at the time he was in the service of the county under a contract of hire, then every contractor who enters into a contract to build a bridge, a road, pave a street, etc., is an employe with-

in the meaning of the Workmen's Compensation Law. The terms of the contract in this case are not in dispute, it is a written contract.

While it is true that if there was a dispute about what the contract really was, then that would be a question for the jury, but when there is no question as to what the contract is, the construction and effect of the contract is a matter for the court.

The court below held that while there was no dispute on the contract, the question as to whether or not it was a contract of hire, was a question of fact for the jury to determine. In so holding we believe the court below permitted error.

The question is whether or not on an undisputed set of facts and an undisputed contract is a contract of hire, the same is a question of law to be determined by the court. This rule is laid down and cited in many jurisdictions as will be seen in 13 Corpus Juris 73, wherein it has been held:

"That the construction of a contract must be determined by the court as a question of law."

There is no ambiguity about this contract. There is no dispute about the contract; the language is plain and clear; it is the ordinary public contract.

We believe it is clear that this contract was a contract for a job of work and not a contract of hire; and that because thereof the defendant in error was not an employe within the meaning of the Workmen's Compensation Law. Therefore, we find and hold that the court below committed error in submitting the cause to the jury and the verdict of the jury, after its submission, should have been for the plaintiff in error.

It therefore follows that the judgment of the Court of Common Pleas will be and the same is hereby reversed and final judgment entered in favor of the plaintiff in error. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.