NATH BIRCHFIELD v. DEPARTMENT OF CONSERVATION AND DEVELOPMENT OF NORTH CAROLINA.

(Filed 22 February, 1933.)

1. **Master and Servant F i—**

　　Whether a person was an employee at the time of his injury is a question of law and reviewable where the facts are not in dispute.

2. **Master and Servant F a—Claimant held not employed as deputy game warden at time of injury and was not entitled to compensation.**

　　Where a person duly appointed a deputy game warden is injured while engaged in assisting the county game warden, but at the time of his injury the appointment had neither been communicated to him nor accepted by him, the injury is not sustained while performing service by virtue or color of the appointment, and the injury is not compensable under the Workmen's Compensation Act.

CIVIL ACTION, before *Stack, J.,* at June Term, 1932, of GRAHAM.

On 4 November, 1930, C. F. Denton, game warden for Graham County, wrote the State Game Commission in Raleigh, requesting the appointment of the plaintiff, Nath Birchfield, as deputy game warden. Denton requested the plaintiff to go with him and assist in breaking up bear traps, and the plaintiff and the defendant began a three-day trip in the mountains for such purpose. On 7 November the State game warden forwarded from Raleigh to Denton papers of appointment, oath of office, and deputy game warden badge for the plaintiff. On 8 November, before the papers were received, the plaintiff at the request of Denton, was in the mountains assisting in destroying bear traps. Arriving at a large trap Denton directed the plaintiff to shoot the spring thereof, and in

response to such request the plaintiff shot the spring and the bullet bounced and struck the plaintiff in the eye, causing severe injury. Denton as game warden for Graham County, had no authority to employ deputy game wardens.

After the injury on 20 November, the plaintiff duly executed the oath of office and returned the same to Raleigh. The cause was submitted to the Industrial Commission and the hearing Commissioner found "that the plaintiff had never been legally employed" by the State, and dismissed the claim. Upon appeal to the full Commission the findings of fact, conclusions of law and award of the trial commissioner were affirmed. Thereupon the plaintiff appealed to the Superior Court and the trial judge found "that there was error in the conclusion of law by the Industrial Commission and that the award disallowing compensation was contrary to law and against the weight of evidence," and remanded the cause to the Industrial Commission to determine the amount of compensation to which the claimant was entitled.

From such judgment the defendant appealed.

*T. M. Jenkins for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Siler for the Department of Conservation and Development of North Carolina.*

BROGDEN, J. Was the plaintiff an employee of the State at the time of the injury?

The Industrial Commission found as a fact that he was not an employee, and ordinarily this would end the controversy if there was any competent evidence to support the finding. It is contended, however, that the facts are not in dispute, and, therefore, the question as to whether the plaintiff was an employee is wholly a conclusion of law.

The exercise of the duties and functions of a public office or public employment of an appointive nature, rests upon the concurrence of two essential facts: (1) due appointment, and (2) proper qualification.

The appointment must be duly made by proper authority, communicated to and accepted by the appointee. The qualification consists in the giving of a bond or taking of an oath where such is required or in otherwise complying with the provisions of law. The courts have held generally that if a person assumes the duties or enters upon the discharge of the functions of an office, even under a colorable appointment or election, that he is at least a *de facto* officer to the extent of incurring liability in the performance of such duties. *Lee v. Martin,* 186 N. C., 127, 118 S. E., 914. C. S., 2141(w), empowers the State game warden to appoint or employ deputy wardens with the approval of the Com-

mission. Apparently the plaintiff was duly appointed by the State game warden, but such appointment had neither been communicated to him nor accepted by him at the time of his injury. Although he was engaged in assisting the game warden of Graham County, he was not performing such service by virtue or color of an appointment made by the State game warden. Consequently he was not then discharging duties under circumstances implying an acceptance of the appointment, neither had the plaintiff taken the oath required by law. The general effect of failure to take a proper oath is discussed in the following cases: *Clark v. Stanley,* 66 N. C., 59; *Lee v. Dunn,* 73 N. C., 595; *Lee v. Martin, supra,* and *S. v. Long,* 186 N. C., 516, 120 S. E., 87. The effect of failure to take the oath of office before the injury is debated in the briefs, but this phase of the case becomes immaterial by reason of the conclusion that there was no communication of the appointment or acceptance thereof prior to the date of the injury.

Reversed.