LULU BASHAM *v.* COUNTY COURT OF KANAWHA COUNTY

(No. 7823)

Submitted November 8, 1933. Decided November 28, 1933.

*J. E. Springston,* for relator.

*Homer A. Holt,* Attorney General, *R. Dennis Steed* and *Kenneth E. Hines,* Assistant Attorneys General, and *Dale G. Casto,* for respondent.

LITZ, JUDGE:

Lulu Basham, dependent widow of Charles Basham, deceased, seeks a writ of mandamus compelling the county court of Kanawha County to report an accident, causing his death, to the state compensation commissioner and requiring the commissioner to furnish her prescribed forms for the filing of a claim (under the Workmen's Compensation Act), for compensation to herself, and her four infant children, under sixteen years of age.

Charles Basham, in some manner not disclosed in the record, sustained a fatal injury January 10, 1933, while working on a county road in Kanawha County. He was employed (with others) by the county welfare board (an agency of the state unemployment relief administration), in the expenditure or distribution of relief funds furnished by the Reconstruction Finance Corporation of the Federal Government. The only connection of the county court with this scheme for the relief of unemployed was to assign and supervise the work. It did not employ, discharge, or pay the workers.

The question, therefore, for solution is whether the deceased was, at the time of this injury, an employee of the county court in contemplation of the compensation act, pertinent provisions of which follow: "All persons, firms, associations and corporations regularly employing other persons for the purpose of carrying on any form of industry or business in this State, county courts and municipal corporations, the State of West Virginia, and all governmental agencies or departments created by it, are employers within the meaning of this chapter and subject to its provisions. All persons in the service of employers as herein defined and employed by them for the purpose of carrying on the industry, business or work in which they are engaged, and checkweighmen employed according to law, are employees within the meaning of this chapter and subject to its provisions * * *." Chapter 23, article 2, section 1, Code 1931.

"For the purpose of creating a workmen's compensation fund each employer subject to this chapter shall pay the premiums of liability based upon and being such a percentage

of the payroll of such employer as may have been determined by the commissioner and be then in effect. The premiums shall be paid monthly, on or before the twenty-fifth of each month, for the preceding month, and shall be the prescribed percentage of the total earnings of all employees within the meaning of this chapter, whose work is within this State, for such preceding month.'' Section 5 of the same chapter and article.

These and other provisions impel the conclusion that a contract of employment for compensation is necessary to create the relation of employer and employee within the meaning of the statute.

In *Vaivida* v. *City of Grand Rapids*, (Mich.) 249 N. W. 826 (decided August 29, 1933), the Supreme Court of Michigan denied plaintiff compensation for injury, sustained while working for the city as an indigent person whom it was required by statute to support. Under the Michigan compensation act the term ''employee'' includes ''every person in the service of * * * any * * * city * * * under any appointment, or contract of hire, express or implied * * *.'' In the opinion of the case it is stated: ''Citizens needing public aid are in a sense wards of the municipality required to support them, and, if the able among them are set at work at common and unremunerative public tasks, there does not arise a contract of hire or the relation of employer and employee, but only a helping hand in behalf of public charity invoked and extended. * * * This right does not arise out of contract at all but as a counterpart of the statutory duty to care for poor persons. Such persons are not in the employ of the municipality under the relation of master and servant, for such relation is neither contemplated nor does it in fact arise.''

In *In Re Moore*, 187 N. E. 219 (decided October 20, 1933), the Appellate Court of Indiana denied compensation to the dependent of a deceased person, who sustained fatal injury while working for a college through an unemployment relief agency. The Compensation Act of Indiana provides that '' 'employee' shall include every person * * * lawfully in the service of another under any contract of hire or apprenticeship * * *.'' In its opinion, the court said: ''The statement of facts presented does not show * * * that he (deceased)

was in the service of another under any contract of hire or apprenticeship, either express or implied. It is true that he was performing service for the Ball State Teachers' College at the time, but it is also true that this service was rendered by the deceased without any expectation of pay for his labor from said college, and under an arrangement existing between the college, the Governor's commission for unemployment relief, the Delaware county employment committee, the social service bureau, and the trustee of Centre township of Delaware county, Ind., that unemployed men, applying for relief, would, when requested, be furnished to said college to do work for it without cost to the college. This was done pursuant to and in accordance with a plan of procedure adopted by the various relief agencies operating in the community, and in order that such applicants might be given a chance to perform some service in appreciation for the relief they were receiving. It does not appear that any person was to pay for the labor deceased was performing, nor that any person was ever to be remunerated in any manner for the service he rendered to the college. The contractual element is absent.''

The writ is, therefore, refused.

*Writ denied.*