MOLLIE BUNCH HOLLOWELL v. NORTH CAROLINA DEPARTMENT OF CONSERVATION AND DEVELOPMENT.

(Filed 21 March, 1934.)

1. **Master and Servant F a—Relation of master and servant or some appointment is prerequisite to application of Compensation Act.**

    A prerequisite to the right of a claimant to compensation under the Workmen's Compensation Act is some appointment or the existence of the relation of master and servant, which latter is contractual in its nature and is to be determined by the rules governing the establishment of contracts, express or implied.

2. **Same—Witness is not employee of party in whose behalf he testifies.**

    A deputy forest warden employed by the Department of Conservation and Development, who is an *ex officio* game warden and paid a commission for reporting violations of the game laws, is not an employee of the Department of Conservation and Development in testifying at the trial of persons reported by him for violation of the game laws, his compensation as a witness being payable according to law as a part of the costs

of the action, and where the game warden is killed by those against whom he testified as a result of his testimony his dependents are not entitled to compensation for his death under the Workmen's Compensation Act.

3. **Master and Servant F b—Warden's death resulting from testimony against game law violators held not to arise out of and in course of employment.**

A game warden reported certain persons for a violation of the fishing laws and testified against them at the trial for such violation. He was killed by them as a result of his testimony at the trial: *Held*, his death did not result from an injury by accident arising out of and in the course of his employment.

APPEAL by plaintiff from *Cranmer, J.*, at March Term, 1933, of WAKE.

Proceeding under Workmen's Compensation Act to determine liability of defendant to dependents or next of kin of John W. Hollowell, deceased employee.

The hearing commissioner found the following essential facts, which were later adopted and approved by the full Commission:

1. That the parties are bound by and subject to the provisions of the Workmen's Compensation Act.

2. That the claimant, Mollie Bunch Hollowell, is the widow and sole dependent of John W. Hollowell, deceased.

3. That the deceased at the time of his death was in the employ of the North Carolina Department of Conservation and Development as a deputy forest warden and *ex officio* game warden, on a commission contract, charged with the duty of enforcing the fishing laws and regulations.

4. That the injury by accident, which resulted in deceased's death, arose out of and in the course of his employment.

Upon these findings, compensation was awarded.

On appeal to the Superior Court, the award of the Commission was reversed and the proceeding dismissed upon the evidence which shows:

1. That John W. Hollowell was appointed deputy forest warden 11 January, 1929, and became *ex officio* game warden by virtue of chap. 278, Public Laws, 1929.

2. That sometime prior to 30 August, 1930, John W. Hollowell reported to his superior, H. T. Layton, a violation of the fishing laws by Levi and Kermit Nixon, with the result that upon complaint made by the said Layton a warrant was issued against the said Nixons, charging them with violation of the fishing laws.

3. That a trial of the matter was had on 30 August, 1930, and the said John W. Hollowell appeared as a witness for the State, being under subpoena to do so.

4. That upon the conclusion of the trial, and after adjournment of court, the said John W. Hollowell, who had departed from the court room and had gone out into a public street, was assaulted and killed by the said Levi and Kermit Nixon.

5. That the deceased was receiving no compensation from the defendant, or any other agency of the State, other than the payment of a fee of five dollars allowed for reporting violations of the fishing laws.

Upon this evidence, the judge of the Superior Court concluded that the deceased was not in the employ of the defendant at the time of the assault, and that the injury by accident, which resulted in his death, did not arise out of and in the course of his employment as a warden of the Department of Conservation and Development.

Plaintiff appeals, assigning errors.

*Privott & Privott for plaintiff.*
*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for defendant.*

STACY, C. J. It is manifest the assault, which resulted in Hollowell's death, was occasioned by the testimony given by him as a witness for the State on the trial of the two Nixons. The question then occurs: Is a witness, who appears at a judicial hearing and gives evidence under the court's precept, an employee of the party litigant in whose behalf he testifies? The answer is, No.

The liability of one to pay, and the right of another to receive, compensation, under the North Carolina Workmen's Compensation Act, depends, in the first instance, upon some appointment or the existence of the relation of employer and employee, which latter is essentially contractual in its nature, and is to be determined by the rules governing the establishment of contracts, express or implied. *Creswell v. Publishing Co.,* 204 N. C., 380, 168 S. E., 408; *Wilson v. Clark,* 110 N. C., 364, 14 S. E., 962.

There is no contractual relation between a party litigant and one who testifies in his behalf at a judicial inquiry. The only compensation a witness at such a hearing is entitled to receive is the witness fee allowed by law, or by order of court, and to be paid as a part of the costs, but in no sense is the witness a servant, employee, or agent of the party in whose behalf he testifies. Compare *Birchfield v. Dept. of Con. and Dev.,* 204 N. C., 217, 167 S. E., 855.

As presently applicable, the Workmen's Compensation Act, provides that the term "employee," as used in the act, means "every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written . . . excluding

persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."

The courts of other jurisdictions have had occasion, under a variety of circumstances, to examine the tests for determining the relation of employer and employee, within the meaning of acts of similar import.

Thus, in *West Salem v. Ind. Com.*, 162 Wis., 57, 155 N. W., 929, one temporarily engaged in assisting a village marshal in suppressing a breach of the peace was held to be employed as a policeman of the village, and an employee within the Wisconsin Workmen's Compensation Act, which provides that policemen and firemen shall be deemed employees.

And in *County of Monterey v. Rader,* 199 Cal., 221, 248 Pac., 912, 47 A. L. R., 359, a bystander summoned by the sheriff to assist in making an arrest was held to be within the operation of the California Workmen's Compensation Act declaring an employee to be every person in service under any appointment.

To like effect is the decision in *Millard County v. Ind. Co.,* 62 Utah, 46, 217 Pac., 974, holding that one employed by the sheriff to help in capturing an escaped convict was in the service of the county and therefore an employee within the meaning of the Utah Workmen's Compensation Act.

On the other hand, in *Ind. Com., of Ohio v. Henderson,* 43 Ohio App., 20, 182 N. E., 603, one engaged to rebuild a highway bridge for a stipulated sum, according to plans and specifications prepared by county engineer, was held to be a contractor and not an employee within the meaning of the Ohio Workmen's Compensation Act.

And in *Bingham City v. Ind. Com.,* 243 Pac., 113, a member of a volunteer fire company, injured while fighting a fire, was held not to be an employee of the city within the meaning of the Utah Workmen's Compensation Act.

Again, in *In re Moore,* 187 N. E., 219, a laborer, injured while working in a furnace room of the State Teachers' College without expecting pay from said college and under an arrangement existing between the college, unemployment relief agencies, and township trustee for furnishing unemployed men to the college without cost, was held not to be an "employee," nor was the college, the relief agencies, or the trustee, an "employer," within the meaning of the Indiana Workmen's Compensation Act.

To like effect is the decision in *Vaivida v. Grand Rapids,* 264 Mich., 204, 249 N. W., 826, holding that when able-bodied citizens are set to work at common and unremunerative public tasks, there does not arise a contract of hire or the relationship of employer and employee, within the meaning of the Michigan Workmen's Compensation Act, but only a

helping hand in behalf of public charity invoked and extended. See, also, *Basham v. County Court* (W. Va., 1933), 171 S. E., 893.

The question has also been the subject of inquiry in this jurisdiction. For example, in *Creswell v. Publishing Co., supra,* a newsboy selling newspapers and retaining as his own a part of the proceeds—all over three cents apiece—and injured while engaged in the work, was held not to be an employee of the publishing company.

And in *Bryson v. Lumber Co.,* 204 N. C., 664, one hauling logs at a stipulated price per thousand feet, who was at liberty to haul the logs in his own way, without direction from the owner, and injured in the work, was held to be an independent contractor and not an employee of the Lumber Company, within the meaning of the Workmen's Compensation Act.

The cases of *Starling v. Morris,* 202 N. C., 564, 163 S. E., 584, and *Hanie v. Penland,* 194 N. C., 234, 139 S. E., 380, dealing with the status of special deputies sheriff under the Workmen's Compensation Act, are likewise instructive on the subject now under review.

. The sum of the whole matter is, that before the provisions of the Workmen's Compensation Act are called into play, the relation of master and servant, or employer and employee, or some appointment, must exist, and this is the initial fact to be established. An employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer would seem to be essential to his right to receive compensation under the Workmen's Compensation Act, in case of injury sustained by accident arising out of and in the course of the employment. *In re Moore, supra; Basham v. County Court* (W. Va., 1933), 171 S. E., 893.

But even if it be conceded that Hollowell was an employee of the Department of Conservation and Development, charged with the duty of enforcing the fishing laws and regulations, still the question remains as to whether the injury by accident, which resulted in his death, arose out of and in the course of his employment. The conditions antecedent to compensation were considered in *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266, *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728, *Phifer v. Dairy,* 200 N. C., 65, 156 S. E., 147, *Davis v. Veneer Co.,* 200 N. C., 263, 156 S. E., 859, *Hunt v. State,* 201 N. C., 707, 161 S. E., 203, *Beavers v. Power Co.,* 205 N. C., 34, 169 S. E., 825. They are: First, relation of employer and employee, or some appointment; and, second, injury by accident arising out of and in the course of the employment. See, also, *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415, on what constitutes "course of employment."

Under these authorities, and the principles they announce, we think it must be held that Hollowell was not an employee of the Department

of Conservation and Development in appearing at the trial of the two Nixons and giving evidence on behalf of the State, and that his death was not the result of an (1) injury by accident, (2) arising out of and (3) in the course of his employment as an employee of the Department of Conservation and Development. *Conrad v. Foundry Co., supra.*

The case was here before on a question of procedure, 201 N. C., 616, 161 S. E., 89.

Affirmed.