Pearson, J.
 

 In an action of this kind, juries are allowed a discretion on the subject of damages, so as not merely to give a compensation for the injury actually sustained by the plaintiff, but to go farther, and increase the damages, when there are circumstances of aggravation, as a punishment to the defendant by way of “ vindictive” or “ exemplary damages.”
 

 When the Court is called on to impose a discretionary fine, there is a greater latitude as to receiving-evidence, than is admissible in reference to the trial of the issues in
 
 *182
 
 the cause, before the jury, for the reason that as the fine is a matter of discretion, it is proper that the Court should be put in possession of all the circumstances that should regulate it. The same reason would seem to apply to a case, where, supposing the jury to find all “ the issues in favor of the plaintiff,” they are expected to give damages by way of punishment, to make an example of the defendant. In this case, for the purpose of mitigating the damages, the defendant proved, that he was in possession of a field, and had raised a crop of corn, and finding the plaintiff in the field gathering and carrying away his corn, he caused him to be arrested, we presume, upon a charge of larceny, although the case does not so state. The proceeding was irregular and void, and this action is for the false imprisonment. To, aggravate the damages, the plaintiff was then allowed to prove, that he had entered the field under a claim of title, and with the advice of counsel; and that, soon after the defendant took possession of the land, the plaintiff told him he need not cultivate it, for he, the plaintiff, would reap the benefit. In reply, the defendant offered to show a judgment, execution and sheriff’s deed, under which the land was sold as the property of the plaintiff and had been purchased by the defendant. This was objected to, and the Court refused to admit it.
 

 It is certain, that great inconvenience would be the result, if in trying
 
 the issue,
 
 in a case like the present, evidence was admissible, involving the question of title; but in regard
 
 to the damages,
 
 the title would have had an important influence with the jury, and under the very peculiar circumstances, we can see no reason for excluding the evidence. The question would be received by the jury in one of two ways.
 

 The plaintiff under a claim of right, and by the advice of a lawyer, entered the field, and began to pull corn, for
 
 *183
 
 the purpose of asserting his title ; thereupon, the defendant, instead of bringing an action of trespass, takes out a State’s warrant, and has the plaintiff put in jail. This conduct, on the part of the defendant, was “ high-handed and malicious, and he should be made an example of.”
 

 The defendant was in possession of the field, and had made a crop of corn, — thereupon the plaintiff enters, and begins to pull the corn. His claim of right is all a pretext; no lawyer ever advised him to pull that corn. For the defendant had purchased this very land at Sheriff’s sale,'
 
 “ when it was sold as the property of the plaintiff, and the defendant has the Sheriff’s deed for it.”
 
 The fact that, when the defendant took possession in the Spring, and commenced his crop, the plaintiff “made his threat,” that “he would reap the benefit,” shows that he is a
 
 lawless man
 
 ; and we think it was well enough that he was put in jail far a while.
 

 Looking at “
 
 this side,”
 
 the Jury assessed $500 damages;'looking at
 
 “that side,”
 
 they would, probably, have assessed sixpence; and the question is, does the inconvenience, which may result from the admission of
 
 evidence of title,
 
 in an action like this, confine it to the question of damages, and confining it to a reply to evidence offered by the plaintiff in aggravation, justify the exclusion of evidence, from which the Jury would be able to look
 
 at both sides of the case ?
 

 We think the evidence, under the peculiar circumstances, ought to have been received.
 

 Per Curiam.
 
 Venire de novo
 
 awarded.