A. M. HICKS v. FRANK NIVENS,
and
W. L. SIMS v. FRANK NIVENS.

(Filed 29 April, 1936.)

**1. Appeal and Error G c—**
Exceptions not discussed in appellant's brief are deemed abandoned. Rule of Practice in Supreme Court No. 28.

**2. Trial E e—**

An oral request for instructions may be disregarded.   C. S., 565.

**3. Pleadings G c—**

An objection to competent evidence on the ground that it is not supported by allegation is rendered untenable when the court allows the pleading to be amended so as to allege the supporting facts.

**4. Pleadings E c—**

The court has discretionary power to allow a pleading to be amended after the introduction of evidence so as to make the pleading conform to the evidence.   C. S., 547.

**5. Arrest B b—Officer, acting in good faith with reasonable grounds to believe suspects have committed felony may make arrest without warrant.**

An officer may make an arrest without a warrant when he acts in good faith and has reasonable grounds to believe that a felony has been committed, and that a particular person is guilty thereof and might escape unless arrested, C. S., 4544, and in this action against an officer for malicious and unlawful arrest, evidence that a robbery had been committed *is held* competent upon the issue, and defendant's evidence tending to show good faith and that he was acting within the provisions of the statute in arresting plaintiffs was properly submitted to the jury.

**6. Appeal and Error J d—**

The burden is on appellants to show error.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the plaintiffs from *Harding, J.,* at January Special Term, 1935, of MECKLENBURG.   No error.

Separate civil actions, instituted by the respective plaintiffs against the same defendant, were consolidated for the purpose of trial.

The plaintiffs in their complaints alleged that they were unlawfully and maliciously arrested and imprisoned by the defendant.   The defendant in his original answers entered general denials.   At the close of the plaintiffs' evidence the plaintiffs demurred to the evidence and moved for a directed verdict, except as to the *quantum* of damages, which motions were denied, and plaintiffs excepted.   After the close of the evidence the defendant, by leave of the court, amended his answers so as to allege:

"1. That if the defendant made any statement or did any act or thing which in law or in fact constituted an arrest of the plaintiffs, which is expressly denied, then and in that event the defendant made such statement or statements and did such act or acts in good faith and with justification and for good cause.

"2. That if the defendant arrested the plaintiffs, as alleged in the complaint, which is hereby expressly denied, then the defendant did so as permitted and required by law in the proper discharge of his duties

as sheriff of Union County; that if the defendant arrested the plaintiffs, as alleged in the complaint, which is expressly denied, the facts and circumstances surrounding such arrest rendered it entirely justifiable and proper, whether with or without a warrant, in that on the day referred to in the plaintiffs' complaint the sum of approximately $1,700 had been stolen from the office of the defendant in the city of Monroe, North Carolina, and numerous facts and circumstances tended to incriminate the plaintiffs with reference to the said theft and tended to show and reasonably tended to cause the defendant to believe that the plaintiffs were either guilty of the said theft or directly involved therein, and therefore a person whom the defendant, under the circumstances, should have arrested.

"3. That whatever it may be found that the defendant said or did with reference to the plaintiffs, as alleged in the complaint, was done in good faith, upon reasonable grounds, with justification and in the proper discharge of the defendant's duty as required by law."

To the action of the court in allowing the defendant to amend his answers plaintiffs excepted.

The case was tried upon the following issues, which were answered as indicated, to wit:

"1. Did the defendant unlawfully arrest and imprison the plaintiff W. L. Sims, as alleged in the complaint? Answer: 'No.'

"2. What damages, if any, is the plaintiff W. L. Sims entitled to recover from the defendant? Answer: ...... ... ..

"3. Did the defendant unlawfully arrest and imprison the plaintiff A. M. Hicks? Answer: 'No.'

"4. What damages, if any, is the plaintiff A. M. Hicks entitled to recover from the defendant? Answer: ...............

From judgment based on the verdict the plaintiffs appealed, assigning errors.

*A. A. Tarlton and J. D. McCall `for plaintiffs, appellants.*

*Guthrie, Pierce & Blakeney and Vann &` Milliken for defendant, appellee.*

SCHENCK, J. The appellants group 32 assignments of error. They mention in their brief only two exceptions. Those exceptions noted in the record, but not set out in their brief, are taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 200 N. C., 811 (831).

The first exception mentioned in the appellants' brief is the one numbered 25, and is to the court's refusal to give a special instruction, orally requested by counsel, to the effect that if the jury "believed the evidence of the defendant, and especially the evidence of Chief Fesperman, they

would find that the plaintiffs were arrested and that the arrest was unlawful." When a request for special instructions is not in writing the judge may disregard it. C. S., 565.

The second exception mentioned in the appellants' brief is the third exception, which was to the court's overruling the plaintiffs' demurrer to the evidence and allowing certain witnesses to testify relative to a robbery of the sheriff's office in Monroe on the day on which the plaintiffs allege they were unlawfully arrested and imprisoned. If it be conceded that the demurrers should have been sustained and that the evidence should have been excluded had the answers remained as originally filed, the amendment to the answers rendered the evidence competent and the demurrers untenable. If this exception is meant to challenge the right of the court to allow the amendment, as the brief seems to indicate, it cannot be sustained. C. S., 547, provides that "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, . . . by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved. . . ." Soon after the adoption of the Code of Civil Procedure, *Chief Justice Pearson,* in referring to that portion thereof brought forward as C. S., 547, writes that it allowed "amendments on a scale so liberal that it may well be said 'anything may be amended at any time.'" *Garrett v. Trotter,* 65 N. C., 430.

While there might have been little, if any, ground for debate as to whether the plaintiffs were actually arrested and imprisoned, there was an open question as to whether the defendant, when he arrested and imprisoned the plaintiffs, was acting in good faith and within the provisions of C. S., 4544, relative to when an officer may arrest without a warrant when he has reasonable grounds to believe that a felony has been committed and that any particular person is guilty thereof, and shall apprehend that said person may escape unless immediately arrested. The jury answered this question in favor of the defendant.

The burden was upon the appellants to point out prejudicial error, This they have failed to do, and for that reason we find

No error.

DEVIN, J., took no part in the consideration or decision of this case.