KERMIT LOWRY v. D. MARVIN BARKER.

(Filed 19 May, 1937.)

1. **Appeal and Error § 39—**

    Appellant's exceptions relating to an issue answered in his favor will not be sustained.

2. **False Imprisonment § 2—Good faith of officer making arrest is material on question of actual damages recoverable by plaintiff.**

    Under the facts of this case, the good faith of an officer in making an arrest under an invalid warrant *is held* material on the question of the amount of actual damages, if any, plaintiff is entitled to recover for the false arrest, and an instruction to this effect is not held prejudicial in view of the jury's finding upon supporting evidence that plaintiff suffered no actual damages.

**3. Escape § 5—Evidence held for jury on contention of defendant officer that assault was result of plaintiff's attempt to escape.**

Plaintiff brought this action for wrongful assault, and offered evidence in support of his contention that after he had been taken to jail he was assaulted and beaten, without provocation, by the officer who had arrested him. Defendant officer introduced evidence to the effect that a highway patrolman had helped him arrest plaintiff, that after plaintiff had been taken to the jail and while a cell was being prepared for him, plaintiff attacked the patrolman in an attempt to escape, and that defendant officer had beaten them both with a small stick in order to stop the fight and separate them. *Held:* The conflicting evidence was properly submitted to the jury, under proper instructions, and the jury's verdict that plaintiff had not been wrongfully assaulted is upheld.

Appeal by plaintiff from *Parker, J.,* at October Term, 1936, of Robeson. No error.

This is an action to recover damages, both compensatory and punitive, (1) for the wrongful and unlawful arrest of the plaintiff by the defendant, and (2) for an assault and battery on the plaintiff by the defendant, after the unlawful arrest, and while the plaintiff was wrongfully detained by the defendant.

The issues arising on the pleadings were answered by the jury as follows:

"1. Did the defendant wrongfully and unlawfully arrest the plaintiff and restrain him of his liberty, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: 'One penny.'

"3. Did the defendant wrongfully and unlawfully assault and beat the plaintiff, as alleged in the complaint? Answer: 'No.'

"4. What compensatory damages, if any, is the plaintiff entitled to recover of the defendant? Answer: ..........

"5. What punitive damages, if any, is the plaintiff entitled to recover of the defendant? Answer: .........."

From judgment that plaintiff recover of the defendant one penny and the costs of the action, the plaintiff appealed to the Supreme Court, assigning errors in the trial.

*Varser, McIntyre & Henry for plaintiff.*
*McLean & Stacy for defendant.*

Connor, J. On or about 27 September, 1935, between 9:30 and 10:00 o'clock at night, the defendant, a rural policeman and deputy sheriff of Robeson County, arrested the plaintiff, who was at work on the Robeson County Fair Grounds, near the town of Lumberton, N. C. The arrest

was made under and by virtue of a criminal warrant, which had been issued by a justice of the peace of Robeson County, upon the verified complaint, in writing, of Sanford Prevatte. The warrant was addressed to the sheriff or other lawful officer of Robeson County, and commanded the said sheriff or other officer to arrest John Doe, and take him before the recorder of Robeson County to answer the criminal charge made in the complaint. Sanford Prevatte was present when the arrest was made, and had identified the plaintiff as the man who had committed the crime charged in the complaint. The defendant did not know the plaintiff. He had never seen him before the arrest, and relied upon the identification made by Sanford Prevatte, when he arrested him under and by virtue of the warrant, which had been placed in his hands by the sheriff of Robeson County.

The court was of opinion that the warrant was void as a matter of law, and that for that reason the arrest of the plaintiff by the defendant was unlawful and wrongful, and so instructed the jury. See *Hanie v. Rice,* 194 N. C., 234, 139 S. E., 380; *Bryan v. Stewart,* 123 N. C., 93, 31 S. E., 268; *Mead v. Young,* 19 N. C., 521; *Haskins v. Young,* 19 N. C., 528; 16 C. J., 306. In accordance with the instruction of the court, the jury answered the first issue "Yes." This answer was in accordance with the contention of the plaintiff. His assignments of error with respect to the trial of the first issue are not sustained.

With respect to the second issue, which involves the damages, if any, which the plaintiff is entitled to recover of the defendant for his unlawful and wrongful arrest and imprisonment, the court instructed the jury substantially as follows:

"Having answered the first issue 'Yes,' it will be your duty, gentlemen of the jury, to award the plaintiff at least nominal damages.

"Nominal damages are damages awarded for the violation of a right, and are awarded when no actual loss has been sustained by the plaintiff as the result of the violation by the defendant of a right of the plaintiff; to illustrate, a penny and costs would be nominal damages.

"The burden on the second issue of showing damages other than actual damages is on the plaintiff. Before you can award him actual damages, the plaintiff must have satisfied you by a preponderance of the evidence that he is entitled to recover actual damages under the rules of law as the court will instruct you.

"The damages which the plaintiff in an action for false arrest or false imprisonment may recover of the defendant, are usually by the very nature of the wrong, incapable of exact measurement, and must rest largely in the discretion of the jury. Unless the defendant is shown to have acted maliciously, or with wanton and reckless disregard of his duty and of plaintiff's rights, the damages should be compensatory only,

that is, such as will fairly compensate the plaintiff for his loss of time, his expenses incurred in procuring his release from the false imprisonment, and the indignity, humiliation, and suffering which he has undergone as the result of his wrongful and unlawful arrest and imprisonment. Liabilities incurred by the plaintiff for medical treatment of his bodily injuries, if any, may be recovered, although they have not been paid by the plaintiff, and although the plaintiff was permitted after his arrest to go at large, within a short time, either upon his own recognizance or upon bail. There is no precise measure of damages in cases of this kind. It is impossible to ascertain the exact equivalent in money for bodily or mental pain. As the court has instructed you, the damages which the plaintiff in an action for false arrest and imprisonment may recover are usually, by the very nature of the wrong done, incapable of exact measurement, and must rest largely in the discretion of the jury.

"This is an action, with respect to the first and second issues, for false arrest and false imprisonment, and as the court has charged you, the warrant under and by virtue of which the arrest was made was void, and the defendant, although an officer, under the circumstances shown by all the evidence, was not justified in arresting the plaintiff without a warrant. Good faith on his part has nothing to do with the question of his liability to the plaintiff for the unlawful and wrongful arrest and imprisonment. It is presumed that every one knows the law, but the good faith of the defendant in making the arrest is very material on the question of the amount of damages which the plaintiff is entitled to recover of the defendant in this action.

"As I have instructed you, it is your duty, if you answer the first issue 'Yes,' by your answer to the second issue, to award the plaintiff at least nominal damages; but before you can award the plaintiff actual damages, the burden of the second issue being on the plaintiff, he must satisfy you by the preponderance of the evidence that he is entitled to recover of the defendant actual damages. In that case, your answer to the second issue will be the amount in dollars and cents which you shall find from all the evidence will fairly compensate the plaintiff for all the injuries which you shall find from the evidence he has suffered as the result of his unlawful and wrongful arrest and imprisonment by the defendant."

There are no errors in the instructions of the court to the jury with respect to the second issue, as contended by the plaintiff on this appeal. The evidence with respect to this issue was conflicting. The contention of the defendant that plaintiff suffered no loss or injury as the result of his arrest or imprisonment, was supported by evidence, and was sustained by the jury. The contention of the plaintiff to the contrary, while supported by evidence, was rejected by the jury. Under all the

facts and circumstances as shown by the evidence for the defendant, his good faith in making the arrest was very material on the question as to the amount of actual damages, if any, which the plaintiff was entitled to recover of the defendant in this action. There was no error in the instruction to that effect. However, if it should be otherwise, the error would not be prejudicial, as the jury found that plaintiff was entitled to recover only nominal damages. See *Hicks v. Nivens,* 210 N. C., 44, 185 S. E., 469; *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492; *Sawyer v. Jarvis,* 35 N. C., 179; 25 C. J., 561; and McCormick on Damages, page 379.

The facts with respect to the third issue, which involves the liability of the defendant for an assault and battery upon the plaintiff, as shown by all the evidence, are as follows:

After the defendant, with the aid of two State Highway Patrolmen, had arrested the plaintiff at the Robeson County Fair Grounds, and had taken him in an automobile to the county jail, and while the plaintiff was in the jail in the custody of the defendant, the defendant struck the plaintiff about his shoulders with a stick, thereby causing injuries from which plaintiff suffered for several weeks.

The evidence for the plaintiff tended to show that the assault and battery which the defendant made upon him in the jail was without provocation or excuse, but was wrongful and malicious on the part of the defendant.

The evidence for the defendant tended to show that after he had taken the plaintiff to the jail, and while he was preparing a cell for the plaintiff, the plaintiff, in an attempt to escape from the jail, assaulted one of the highway patrolmen, who had accompanied the defendant from the fair grounds to the jail, and that the plaintiff and the highway patrolmen thereupon engaged in a fight, in the presence of the defendant; and that while they were fighting, and for the purpose of causing them to desist, the defendant struck both of them with a small stick which he had in his hand. After plaintiff and the patrolman stopped fighting, and were separated, the plaintiff, at his request, was taken to a hospital, where he received medical treatment for his injuries. The defendant's evidence tended to show that the injuries were not serious.

The conflicting contentions of the plaintiff and the defendant with respect to their answer to the third issue were submitted by the court to the jury, under instructions as to the law applicable to the facts as the jury should find the facts to be from the evidence, which are free from error. Plaintiff's assignments of error with respect to the trial of the third issue cannot be sustained.

The jury having answered the third issue "No," under the instructions of the court, did not answer the fourth or the fifth issue. Assign-

ments of error with respect to the trial of these issues are not sustained.

A careful examination of the record in this appeal discloses no error for which the plaintiff is entitled to a new trial. There was evidence tending to support the contentions of the plaintiff. These contentions were fully and fairly submitted by the court to the jury. They were rejected by the jury.

The judgment in accordance with the verdict is affirmed.

No error.