## MONTGOMERY WARD & CO., Inc., v. MEDLINE.

### No. 4445.

Circuit Court of Appeals, Fourth Circuit.

June 12, 1939.

Murray Allen, of Raleigh, N. C. (R. W. Winston, Jr., of Raleigh, N. C., on the brief), for appellant.

Bart M. Gatling and Thomas W. Ruffin, both of Raleigh, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the Superior Court of Wake County, North Carolina, by the appellee Ava Medline, here referred to as the plaintiff, against the appellant Montgomery Ward & Company, Incorporated, here referred to as the defendant, to recover actual and punitive damages for false arrest and imprisonment. The cause was removed by the defendant to the District Court of the United States for the Eastern District of North Carolina and a trial before a jury was had at Raleigh on November 9, 1938. After the taking of evidence the jury answered the issues submitted to it as follows:

1. Was the plaintiff, Ava Medline, arrested and imprisoned by and at the in-

stance of the agent, vice-principal, manager, and/or assistant manager of the defendant corporation, as alleged in the complaint? Answer: Yes.

2. Was the said agent, vice-principal, manager, and/or assistant manager of the defendant corporation, in arresting or having the plaintiff arrested and imprisoned, acting as the agent of the defendant corporation and within the scope of his employment, as alleged in the complaint? Answer: Yes.

3. Were said arrest and imprisonment wrongful and without probable cause? Answer: Yes.

4. What actual damage, if any, is the plaintiff entitled to receive from the defendant? Answer: $2,000.

5. Were said arrest and imprisonment malicious or wanton or done with a reckless and criminal indifference to the rights of the plaintiff? Answer: Yes.

6. What punitive damages, if any, is the plaintiff entitled to recover from the defendant? Answer: $1,000.

The court below entered judgment on the verdict in favor of the plaintiff from which action this appeal was brought.

On March 27, 1937, the plaintiff went to the store of Montgomery Ward & Company, the defendant, in Raleigh, North Carolina, with the intention, as she testified, of buying a dress; she also went around and looked at the hats and shoes. A saleswoman of the defendant company became suspicious of her actions and thought that she had stolen some dresses. The assistant manager of the defendant company was called and he sent another employee for a police officer. When the officer came the plaintiff was pointed out to him and he stopped her as she was about to leave the store and informed her that she was accused of having stolen two dresses. The plaintiff denied the accusation but the police officer took her down to the police station and turned her over to the officer in charge of the station. The assistant manager of the company and the employee that had called the officer went down to the police station while the plaintiff was being held there. At the police station the plaintiff again denied that she had stolen the dresses and after a conference between the officer in charge of the police station and the assistant manager of the defendant company the plaintiff was allowed to go without being searched. No warrant was sworn out for her arrest.

At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence the defendant moved for a non-suit, both of which motions were denied by the trial judge.

It is contended on behalf of the defendant that the judge below erred in denying the motion for nonsuit and that there was not sufficient evidence to take the case to the jury; that the plaintiff was not arrested and imprisoned and that if arrested and imprisoned such arrest and imprisonment was not brought about by an agent of the defendant who had authority to take such action.

We are of the opinion that the judge was clearly right in refusing the motion for a non-suit. That the plaintiff was arrested and taken to the police station where she was detained for some time is clearly established by the evidence; that this arrest and imprisonment was caused at the express direction of the assistant manager of the store of the defendant company, who pointed out the woman to the police officer and stated that she had stolen two dresses, was also proven.

The position of assistant manager of a store is one of sufficient importance to raise the inference that he was clothed with authority to protect his employer's property against theft and in causing the arrest of a suspect his act was within the line of his duty and within the scope of his employment. It was the defendant company that placed him in this position of authority and invested him with the power to act. In Long v. Eagle Store Co., 214 N.C. 146, 198 S.E. 573, 576, the facts were similar to the facts in the instant case and there it was held that the act of an assistant manager of a store in causing an arrest was an act for which his employer was liable. There the court said: " * * * It has been held that where there is doubt as to the servant's scope of authority the trial judge is required to resolve the doubt in favor of the plaintiff and submit the evidence to the jury, upon the ground that the employer had placed the servant in position to do the wrongful act."

In Kelly v. Shoe Stores Company, 190 N.C. 406, 130 S.E. 32, the Supreme Court of North Carolina held to the same effect.

See, also: Dickerson v. Atlantic Refining Company, 201 N.C. 90, 159 S.E. 446; West v. F. W. Woolworth Co. et al., 215 N.C. 211, 1 S.E.2d 546.

That the plaintiff was imprisoned by being detained at the police station is not to be questioned. Any restraint of personal liberty has been held to constitute imprisonment. 31 C.J. 260, and cases there cited.

It is contended on behalf of the defendant that there was error in the admission of testimony of the plaintiff as to what occurred between her and the officer who took her to the police station and between her and the officer in charge of the police station. We do not think there is any merit in this contention. Certainly what transpired between the plaintiff and the police officers was admissible as a part of the res gestæ. Sigmon v. Shell, 165 N.C. 582, 81 S.E. 739; Long v. Eagle Store, Co., supra.

A number of exceptions were taken to the charge of the judge to the jury but a careful examination of the charge, as well as additional instructions, given to the jury when it returned to the court room after having begun consideration of the case, shows that, taken as a whole, the charge was eminently fair to the defendant. The instruction given the jury that if it answered the third issue "No" that would end the case was not proper under the decisions of the North Carolina Supreme Court and was an instruction to which the defendant was not entitled. Lowry v. Barker, 211 N.C. 613, 190 S.E. 341; Meints v. Huntington, 8 Cir., 276 F. 245, 19 A.L.R. 671, note on page 673. Of this, however, the defendant cannot be heard to complain. Complaint is made that, in additional instructions given the jury after they had been considering the case for some time, the court charged them incorrectly as to the meaning of probable cause; but in view of the finding by the jury on the fifth issue, any error as to this was necessarily harmless. There was no reversible error in the charge of the judge to the jury.

The plaintiff was arrested and detained at the instance of an employee of the defendant company acting within the apparent scope of his authority. The various questions of fact were properly submitted to the jury and there was no error in the trial.

The judgment of the court below is accordingly affirmed.

Affirmed.