NATIONAL CITY BANK, NE, Appellant,

v.

ABDALLA et al., Appellees.

[Cite as *Natl. City Bank, NE v. Abdalla* (1999), 131 Ohio App.3d 204.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 96 JE 23.

Decided Feb. 18, 1999.

*Michael J. Calabria* and *Roger J. Stevenson,* for appellant.

*Edwin Davila* and *Carl J. King,* for appellees.

VUKOVICH, Judge.

The following appeal arises from the Jefferson County Common Pleas Court's decision to estop National City Bank from foreclosing on a promissory note executed by Samuel T. and Joyce A. Abdalla. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.

On May 12, 1986, National City Bank ("the bank") executed a promissory note in the amount of $300,000, payable on demand, in consideration of Samuel T. Abdalla and Joyce A. Abdalla's (appellees) promise to repay the loan at a ten-percent yearly interest rate. The note was secured by a mortgage on a piece of property located in Jefferson County. The note provided that the failure to pay the note on demand would constitute an "Event of Default," whereby the mortgage would be foreclosed and the property sold for payment on the amount due.

On December 9, 1994, the bank made its first demand for payment upon appellees. Subsequently, the bank made further demands for payment on March 28, 1995, and once again on May 2, 1995. The parties met on May 12, 1995, at which time appellees agreed to submit certain paperwork to the bank that would allow the bank to determine whether it would grant appellees an extension for repayment and what the arrangements would be. Contingent upon receiving the information, the bank notified appellees that it might be willing to enter into negotiations with regard to a loan workout agreement. On May 16, 1995, the

bank sent appellees a letter, which reiterated that upon receiving the requested information, the bank may be willing to enter into negotiations to effectuate a loan workout agreement. The parties were to execute the workout agreement by June 4, 1995. The bank's letter concluded by adding:

"Nothing in this letter is or shall be deemed to be a waiver or abandonment of any rights or remedies available to NCB, NE, whether against Samuel T. and/or Joyce A. Abdalla personally or any collateral or other property, each of which rights or remedies is specifically reserved, including without limitation, the right to seek judgment and/or proceed against the property. Terms and conditions of any contemplated workout agreement are subject to final approval of NCB, NE's loan committee and counsel."

Each of the bank's demand letters contained a provision that stated that demand on the note would remain in full force and effect. On August 18, 1995, the bank sent a letter to appellees via certified mail and facsimile proposing to modify the note. The bank advised appellees that a signed original of the proposal must be returned to it by August 31, 1995, or the bank reserved the option to withdraw the proposal.

The bank sent a draft copy of documents purporting to restructure the loan to appellees on September 19, 1995. Original loan documents were sent on September 27, 1995. Both letters informed appellees that the bank's offer would be revoked if the documents were not signed by September 29, 1995.

Appellees did not execute the document by the deadline provided. Therefore, the bank filed a complaint for foreclosure on October 6, 1995.

Appellees filed an answer and three counterclaims to the bank's complaint on December 28, 1995. Included in the answer was a jury demand. Appellees' first counterclaim sought declaratory judgment that the revised "agreement" modified the original promissory note, thus precluding the bank from foreclosing on the property. The second counterclaim was premised upon a breach of the covenant of good faith and fair dealing. The third counterclaim requested punitive damages.

On January 17, 1996, the trial court held that the issues raised in appellees' first claim for relief involved issues of law that only the trial court has jurisdiction to consider. Therefore, a trial to the court was ordered to commence on April 18, 1996, in regard only to appellees' first claim. All remaining claims were reserved for a trial to a jury on June 13, 1996.

The bench trial on appellees' first claim for relief went forward as scheduled on April 18, 1996. Subsequent to the trial to the court, both parties filed posttrial briefs. In its initial entry dated June 3, 1996, the trial court found that while the negotiations of the parties did not constitute a contract, the appellant bank "was

precluded from foreclosing upon the original promissory note by virtue of the dealings that had transpired between the parties."

In response to the trial court's judgment entry, appellant filed a motion to clarify the record. As a result, the trial court amended its June 3, 1996 order *nunc pro tunc.* The *nunc pro tunc* order read that judgment was rendered on the bank's behalf and against appellees on appellees' first counterclaim. Thus, the counterclaim was dismissed. The order also read that it was not forever precluding the bank from filing a foreclosure action, but the bank could not proceed with the foreclosure action in the way in which the bank had attempted to do, as the bank did not give sufficient notice to appellees to secure financing at another institution. Due to the fact that the trial court precluded the bank from proceeding with its foreclosure action as filed, appellant filed an appeal to this court on June 27, 1996.

Appellant's sole assignment of error on appeal reads:

"The common pleas court erred in making findings on issues which were not then before it, including: (A) whether the appellant was 'precluded' or 'estopped' from foreclosing on its mortgage for any reason other than the existence of an agreement not to foreclose; (B) whether the appellant's actions leading up to the filing of the foreclosure proceedings were 'proper'; and (C) whether appellant's complaint for judgment on the note and foreclosure of its mortgage should be dismissed."

The bank argues that the trial court properly held that no contract had been formed between the parties, but the court erred by determining issues that were reserved for a jury's consideration. The bank asserts that the trial court had a duty to address only whether there was an agreement that constituted a modification of the note. However, the bank argues that the court improperly made the following findings of fact:

"(a) that Plaintiff was precluded from foreclosing * * * by virtue of the dealings which had transpired between the parties for the previous year. * * *

"(b) On the basis of the past history and the dealings between the parties, * * * that the Plaintiff was precluded from foreclosing * * * even though a new loan agreement was not consummated. * * *

"(c) For the Bank to do nothing differently than it had in the past * * *, then state in its final correspondence * * * that the restructuring offer was null and void at its discretion and to then foreclose without advising Defendant * * * is, in the opinion of the Court, improper. * * *

"(d) that the course of dealing between the parties * * * combined with the protracted negotiations for a restructuring of the loan would preclude the Plaintiff from foreclosing. * * *

"(e) that the Plaintiff could not proceed with a foreclosure action * * * because the Plaintiff had not given sufficient notice to the Defendants."

The bank professes that these findings have nothing to do with the first counterclaim, yet the trial court dismissed its complaint on the basis of those findings. The bank contends that by going beyond the legal issue of whether the August 18, 1995 letter was an agreement that precluded foreclosure and making findings as to (1) the nature and effect of the parties' course of dealings, (2) what notice was or was not sufficient, and (3) whether appellant's actions had been "improper," the trial court encroached upon the right of a trial by jury.

Furthermore, the bank contends that the trial court's findings with respect to the issues of foreclosure of the loan constitute unfair judicial comments on the weight of the evidence if they are not stricken from the record. Consequently, the bank argues that those portions of the record are void.

The bank's assignment of error focuses upon the trial court's authority to determine issues surrounding the bank's right to foreclose when such issues were expressly reserved for a jury's consideration. Consequently, it is necessary to preliminarily examine at the outset which issues are reserved for the jury and which issues are reserved for the trial court.

R.C. 2311.04 sets forth which issues must be tried to the court and which issues may be tried to a jury:

"Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. *Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.*

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred." (Emphasis added.)

■ The question of whether an undisputed set of facts or undisputed language evidenced by a writing, such as the letters in the case at bar, is sufficient to constitute a contract is a question of law for the court. *Indus. Comm. v. Henderson* (1932), 43 Ohio App. 20, 182 N.E. 603, paragraph three of the syllabus.

■ An action for declaratory judgment may be tried either to a jury or to a court. *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 314, 44 O.O. 302, 306–307, 98 N.E.2d 840, 845. The question is determined by the character of the declaratory judgment sought. *Id.* No right to a jury trial exists in an equitable action to determine whether a set of undisputed facts constitute a contract and to thereafter determine the obligations of the parties if such a

contract exists. See *Erie Ins. Group v. Fisher* (1984), 15 Ohio St.3d 380, 382, 15 OBR 497, 498–499, 474 N.E.2d 320, 322–323.

An action in foreclosure is equitable in nature and may be heard by the court. *City Loan & Savings v. Howard* (1984), 16 Ohio App.3d 185, 186, 16 OBR 195, 196–197, 475 N.E.2d 154, 156–157. Neither party may assert a right to a jury trial in an equitable action. *Id.* The Supreme Court of Ohio held in *Alsdorf v. Reed* (1888), 45 Ohio St. 653, 17 N.E. 73, paragraph two of the syllabus:

"Where, in such action, the prayer is for an ordinary decree of foreclosure and order of sale, the action is one for relief other than money only; and, although an issue of fact may be joined on a plea by the garnishee * * *, neither party is entitled to demand a jury for the trial of the issue, and either may appeal from a final judgment rendered against him in the action."

In construing the modification of a note, the Supreme Court of Ohio later held in *Riegel v. Belt* (1928), 119 Ohio St. 369, 164 N.E. 347, paragraph four of the syllabus:

"Whether a new note and mortgage operates as a renewal or payment depends upon the agreement of the parties. Where no receipt is given for the amount of the debt, and no release or satisfaction of the mortgage is executed, the presumption is that the later note and mortgage were not intended to pay and discharge the earlier."

The bank's complaint prayed that the trial court enter a judgment against appellees in the amount of $300,000, declare the bank the first and best lien on the property in question, foreclose the mortgage, bar appellees' claims in equity for redemption, marshall the lien on the property, and order a sale of the property from which the proceeds would be applied towards the satisfaction of the lien.

The bank's complaint does not raise an issue of fact for the recovery of money, or specific real or personal property. An action in foreclosure is one for relief other than money. Although appellees raise a legal counterclaim, it does not change the overall nature of the action so as to require a jury trial. See *Huntington Natl. Bank v. Heritage Invest. Group* (1983), 12 Ohio App.3d 113, 114, 12 OBR 420, 421–422, 467 N.E.2d 564, 566–567. In this instance, the trial court is not required to grant a request for a jury trial.

Nevertheless, the trial court granted appellees' request for a jury trial in its journal entry dated January 17, 1996. The court stated that a trial to the court would be held on appellees' first claim for relief as set forth in their counterclaim while the remaining matters would be tried to a jury. The trial court's judgment

entry reflected that a bench trial was in fact held on appellees' first claim for relief.

Inasmuch as the trial court has no obligation to grant a party's request for a trial to the jury under these circumstances, the trial court did not abuse its discretion by addressing appellees' first claim as it relates to a modification of the note and the bank's ability to foreclose on the property securing the note. However, the trial court did err by stating, in its *nunc pro tunc* entry, that the bank was estopped from bringing an action to foreclose under the terms of the promissory note because of the lengthy negotiations that had transpired.

In the case at bar, the trial court determined that the agreement to consider negotiating a loan workout agreement was not a modification of the promissory note. The agreement was merely an agreement to agree. Because there had not been a modification of the original promissory note, the mortgage in the first note remained in full force and effect. The note is an enforceable instrument upon which the appellant could seek foreclosure. Indeed the bank explicitly notified the appellees that the demand for payment was still in full force and effect. The bank also clearly warned appellees that the proposal was not an enforceable commitment to modify the existing loan and, further, the bank reserved its rights and remedies under the existing loan documents.

Where no release or satisfaction is reached and the parties to the negotiations unequivocally reserve their rights and remedies as set forth in the original terms of the agreement, either party may proceed with such rights and remedies in the absence of an intent to replace or forfeit the original agreement. Consequently, the only issue that remains is whether the bank afforded appellees proper notice of its intention to institute a foreclosure proceeding against them.

The sufficiency of notice depends upon the terms of the mortgage note. Where the note is payable on demand, the action is on the mortgage, and no demand for payment preceding the action is necessary. *Union Cent. Life Ins. Co. v. Curtis* (1880), 35 Ohio St. 357, 358, 1880 WL 10. The action itself is sufficient notice of demand. *Id.* Where the mortgage requires a specified period of time to elapse before instituting an action for foreclosure, no right of action would accrue until expiration of the stipulated time. *Id.* at 359.

The mortgage at issue specifically provides that payment is due at the time of demand. Appellees were continually notified that demand was being made upon the original note. The demands gave appellees ten days to satisfy the mortgage before action was taken. However, the bank gratuitously extended the deadline to appellees to restructure their loan by September 29, 1995. The bank advised appellees that if the documents were not signed by September 29, 1995, the offer would be null and void at the bank's sole discretion, at which time the bank would

pursue whatever rights and remedies were available to it in the original mortgage.

Appellees were sent a certified letter stating the consequences of not signing the documents by September 29, 1995. Appellees were notified that if the documents were not signed, the bank could terminate negotiations and foreclose on the mortgage. The mortgage did not require the bank to give appellees a certain amount of time before it could foreclose on the note in that it was payable on demand. The bank was under no obligation to afford appellees any more notice than was provided. The bank afforded the appellees sufficient notice by advising them that if the documents were not signed by the given deadline, the bank could terminate the agreement and proceed with an action in foreclosure. This court is not persuaded by the trial court's position that the ongoing negotiations of the parties somehow created a greater obligation of notice upon the bank than that which was called for in the relevant documentation.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings upon the action in foreclosure.

*Judgment accordingly.*

GENE DONOFRIO, P.J., concurs.

COX, J., dissents.

Cox, Judge, dissenting.

I must respectfully dissent from the decision reached by the majority in this case. I agree with the majority that the trial court had no obligation to grant a request for jury trial under the circumstances presented in this matter and did not abuse its discretion by addressing appellees' first claim relating to a modification of the note in question and the bank's ability to foreclose on the property securing the note. However, I disagree with the proposition that the trial court erred by stating in its *nunc pro tunc* entry that the bank was estopped from bringing an action to foreclose under the terms of the promissory note.

Appellees' first claim sought declaratory judgment that the revised "agreement" between the parties modified the original promissory note, thus precluding the bank from foreclosing on the property. The trial court rendered judgment in favor of the bank and against appellees on this claim and found that the bank was not forever precluded from filing a foreclosure action. The trial court further ordered that the bank could not proceed with the foreclosure action in the manner in which it was attempting to do so by virtue of the parties' prior dealings and the lack of sufficient notice. I concur with the trial court's findings as factual

circumstances surrounding the issue at bar support such decision.  Therefore, I would affirm the conclusion reached by the trial court.