OPINION
{¶ 1} Defendant-appellant, Estol Wallace, appeals from the decision of the Carroll County Court of Common Pleas determining that he has no rights to an 87-acre parcel of land owned by plaintiffs-appellees, Anita Rutledge and Beverly Meckle.
 {¶ 2} The parties filed a joint stipulation of facts, which reveals the following. On September 11, 1973, appellant's father and mother, George E. Wallace (George) and Dorothy Wallace (Dorothy), executed a warranty deed conveying fee simple absolute title in approximately 87 acres located in Perry Township, Carroll County, Ohio, to George's brother Glenn Wallace (Glenn) and his wife Genevieve Wallace (Genevieve). George and Dorothy retained no legal interest in the property. Glenn's interest in the property was transferred to Genevieve by certificate of transfer. Appellees are Glenn and Genevieve's daughters. On March 31, 1995, Genevieve transferred title to the property to appellees by warranty deed.
 {¶ 3} On March 23, 2001, appellees filed a complaint in forcible entry and detainer/trespass against appellant. The complaint alleged that in September 2000, appellant took unlawful possession of the property and has since remained on the property. Appellees stated that they have repeatedly asked appellant to vacate the premises, but he refuses. On October 27, 2000, the Carroll County Sheriff served appellant with an eviction notice, yet he remained on the property. Appellant filed an answer and counterclaim alleging that the transfer from his parents to appellees' parents was invalid due to George's incompetency and Glenn's undue influence. Appellant alleged he has legal or equitable title in the property as a beneficiary of his parents' estates and requested a declaratory judgment to quiet title by determining the property's rightful owners.
 {¶ 4} Appellant claims that his father was not competent to transfer the property in question. The following stipulated facts are relevant to appellant's claim. On March 12, 1973, the Carroll County Probate Court issued an order of detention whereby George was transferred to Massillon State Hospital. On March 19, 1973, Dr. S. Caruso, of Massillon State Hospital, examined George and found him to be mentally ill. On May 5, 1973, after another examination, Dr. Caruso reported to the probate court that George had improved but that his diagnosis was schizophrenia, schizo-affective type and that full recovery was guarded. On May 8, 1973, the probate court dismissed the order of detention and George was released from the hospital.
 {¶ 5} The case proceeded to a bench trial. After hearing appellant's evidence, the court dismissed appellant's counterclaim with prejudice and granted appellees' request for forcible entry and detainer. The court ordered appellant to vacate the property within 30 days. On February 11, 2002, the trial court issued findings of fact and conclusions of law. Appellant filed his timely notice of appeal that same day.
 {¶ 6} Appellant raises three assignments of error, the first of which states:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S CONSTITUTIONAL RIGHT TO TRIAL BY JURY ON THE FACTUAL ISSUES IN THE CASE."
 {¶ 8} Appellant argues that the trial court erred in not holding a jury trial as he requested. He claims that the factual questions of George's mental capacity and the undue influence of his brother are questions for determination by a jury. Appellant asserts that after a jury trial on the facts, the court could move on to determine the equity issues.
 {¶ 9} R.C. 2311.04 provides what types of issues must be tried to a jury. It states:
 {¶ 10} "Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived or unless all parties consent to a reference under the Rules of Civil Procedure.
 {¶ 11} "All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred."
 {¶ 12} The right to a jury trial does not exist if the relief sought is equitable rather than legal. Taylor v. Brown (1915),92 Ohio St. 287. Declaratory judgment actions may be tried either to a jury or to a court depending on the character of the declaratory judgment sought. Natl. City Bank, N.E. v. Abdalla (1999), 131 Ohio App.3d 204,209. An action to quiet title is equitable in nature. W.C. McBride,Inc., v. Murphy (1924), 111 Ohio St. 443.
 {¶ 13} Although this case began as an action for forcible entry and detainer and trespass, the nature of the case was in equity to quiet title. The case centered around which party owned the property in question. Appellees' right to forcible entry and detainer depended wholly on the court first ruling on the equitable relief sought by appellant. Here, if appellant established his right to title of the property, appellees' case would be at an end. Thus, the trial court did not err in holding a bench trial.
 {¶ 14} Although not raised as a separate assignment of error, appellant next argues that a conflict of interest exists in this case. He notes that Attorney William T. Allmon, Attorney Paul F. Benson and the trial court judge, or their respective law firms, each represented George in the critical year of 1973.
 {¶ 15} The following stipulated facts are pertinent to the alleged conflict. While George was institutionalized, Attorney Allmon was his guardian ad litem for the probate case. Attorney Benson prepared the deed from George and Dorothy to Glenn and Genevieve. The law firm of Allmon Benson acted as the escrow agent for the real estate transaction from George and Dorothy to Glenn and Genevieve. Attorney Benson also represented appellant in his adoption of appellant in 1968. (Tr. 14). Kathleen Allmon Stoneman now represents appellees in this case. Appellant states that Attorney Allmon Stoneman is a member of the same law firm that acted as George's guardian ad litem and prepared the deed for the real estate transfer thus posing a conflict of interest. However, appellant never moved for disqualification of appellee's counsel, Attorney Allmon Stoneman. Thus, he is barred from raising this issue on appeal. However, counsel should be cautioned it appears as though a potential conflict may exist given the above circumstances.
 {¶ 16} Appellant also alleges a conflict involving the trial court judge. On May 15, 1973, George filed for divorce against Dorothy. George subsequently dismissed the divorce action by judgment entry signed by "wjmartin" on behalf of John R. Heflin, attorney for George. William J. Martin is the trial court judge who presided over this case. Appellant states that at the time of the divorce dismissal Judge Martin was an associate at Attorney Heflin's law firm. He further states that George's brothers hired Attorney Heflin's law firm to represent George when he filed for divorce. Appellant asserts there is at least the appearance of impropriety for the trial judge to make a ruling on the competency of a former client under these circumstances. Thus, appellant claims that Judge Martin should have recused himself from this case.
 {¶ 17} "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995),105 Ohio App.3d 8, 11, citing Section 5(C), Article IV, Ohio Constitution. R.C. 2701 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id.
 {¶ 18} R.C. 2701.03 (A) provides:
 {¶ 19} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 20} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993), 88 Ohio App.3d 394,398. Therefore, we are without jurisdiction to reverse the trial court's decision on this basis.
 {¶ 21} Thus, appellant's first assignment of error is without merit.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "THE TRIAL COURT ERRED IN FAILING TO SHIFT THE BURDEN OF GOING FORWARD WITH EVIDENCE TO PLAINTIFF-APPELLEE ON THE ISSUE OF COMPETENCY TO TRANSFER A DEED."
 {¶ 24} Appellant argues that where a transferor of property is mentally incapacitated and the transferee is a close relative, a presumption of undue influence should arise, or at least, the burden of going forward should shift.
 {¶ 25} Equity will set aside a deed that was executed as a result of undue influence. Tracey v. Sacket (1852), 1 Ohio St. 54. A party seeking rescission and cancellation of a deed because of undue influence or lack of capacity has the burden of proof by clear and convincing evidence. Willis v. Baker (1906), 75 Ohio St. 291, paragraph one of the syllabus. In order to make the requisite showing of undue influence, the party must prove four elements: (1) the individual in question was susceptible to undue influence; (2) another person had the opportunity to exert undue influence over the susceptible individual; (3) improper influence was exerted or attempted; and (4) the result shows the effect of such influence. Rae v. Geier (Sept. 20, 1996), 2nd Dist. No. 1393.
 {¶ 26} In the case sub judice, appellant has not met his burden of proof with respect to the issue of George's mental capacity. Appellant produced no evidence at trial to prove that George was incompetent to sell property or any evidence to suggest that Glenn exerted undue influence over George. Therefore, the trial court did not err by placing the burden of proof on appellant.
 {¶ 27} Although appellant raises the burden of going forward as his assignment of error, his argument also focuses on whether the trial court erred in excluding George's medical records for the years 1985 through 1997 (Exhibit Seven). Appellant argues the records qualify as an exception to the hearsay rule under Evid.R. 803. Evid.R. 803 provides certain exceptions to the hearsay rule, one of which provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible.
 {¶ 28} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. This court will not reverse a trial court's decision on the admission or exclusion of evidence absent an abuse of discretion. Id. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 29} "All relevant evidence is admissible, * * *. Evidence which is not relevant is not admissible." Evid.R. 402. "Relevant evidence" is any evidence tending to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without evidence. Evid.R. 401.
 {¶ 30} The Exhibit Seven medical records are too far removed in time to be relevant as to George's competency to execute a deed in September of 1973. The records include doctors' notes about George and his prescription log from approximately 1985 until 1997. Exhibit Seven contains no records of psychiatric diagnosis, treatment plan, or medications for George for any time in close proximity to September 1973. Accordingly, the trial court did not abuse its discretion in excluding Exhibit Seven from evidence.
 {¶ 31} Thus, appellant's second assignment of error is without merit.
 {¶ 32} Appellant's third assignment of error states:
 {¶ 33} "THE TRIAL COURT ERRED IN SUSTAINING THE OBJECTION TO THE OPINION TESTIMONY OF FORMER SHERIFF OFFENBURGER AS TO THE COMPETENCY OF GEORGE WALLACE IN 1973."
 {¶ 34} Sheriff William Offenburger transported George to Massillon State Hospital in 1973. He testified as a fact witness regarding George's transport. Appellant argues that Sheriff Offenburger possessed specialized training and education so that the trial court should have deemed him an expert qualified to testify regarding George's mental competency in 1973.
 {¶ 35} The determination on expert witness qualifications to testify is within the discretion of the trial court. State v. Awkal
(1996), 76 Ohio St.3d 324, 331. Hence, questions concerning the admission or exclusion of this expert testimony are considered under abuse of discretion standard. Id.
 {¶ 36} Evid.R. 702 provides the qualification for a witness to testify as an expert. It states in pertinent part:
 {¶ 37} "A witness may testify as an expert if all of the following apply:
 {¶ 38} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 39} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 40} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information." Evid. R. 702.
 {¶ 41} Appellant attempted to qualify Sheriff Offenburger as an expert in recognizing incompetency. Appellant argues Sheriff Offenburger possessed specialized training and education, based upon the three weeks of training at the Ohio Peace Officers Training Course. Sheriff Offenburger testified the training consisted of, "More or less observing a patient, a person that might have mental disabilities, how to treat them. That was about the extent of it. It was only a couple things." (Tr. 55-56). He also testified he was trained in how to transport and handle people with mental disabilities. (Tr. 56). Therefore, appellant argues Sheriff Offenburger had knowledge beyond that of a layperson.
 {¶ 42} The minor training of Sheriff Offenburger on how to handle a person with a mental disability is not adequate to qualify him as an expert witness on the issue of whether someone was competent to execute a deed. Therefore, the trial court did not abuse its discretion in disallowing Sheriff Offenburger's opinion testimony regarding George's competency. Appellant's third assignment of error is without merit.
 {¶ 43} For the reasons stated above, the decision of the trial court is hereby affirmed. Vukovich, J., concurs
DeGenaro, J., concurs