TYACK, P.J.
{¶ 1} Sharon J. and Mark D. Herman are appealing from the trial court's granting of summary judgment on behalf of Ditech Financial LLC. For the following reasons, we reverse and remand the case to the trial court.
I. FACTS AND CASE HISTORY
{¶ 2} This is a foreclosure case. In 2007, the Hermans purchased the property commonly known as 6033 McNaughten Grove Lane, Columbus, Ohio. On January 7, 2008, a mortgage was recorded on the McNaughten property when the Hermans refinanced with Countrywide. Bank of America subsequently became successor to Countrywide when Bank of America purchased Countrywide during the 2007-08 financial crisis.
{¶ 3} The Hermans filed a Chapter 7 bankruptcy after the failure of their business during the Great Recession in the U.S. Bankruptcy Court for the Southern District of Ohio. A loan to the Hermans' business had been collateralized with a lien on the McNaughten property.
{¶ 4} The loan to the Hermans' business was acquired by SRB Servicing, which then pursued foreclosure on the McNaughten property before the same Franklin County Common Pleas judge as the case at bar. SRB Servicing v. Herman et al. , Franklin C.P. No. 14CV-5066 (Nov. 24, 2015). Bank of America and the Hermans were named as defendants and served with summons. Bank of America failed to answer and default judgment was entered against them. The September 18, 2014 order and judgment entry in SRB Servicing granted a default judgment against Bank of America stating that Bank of America was timely served and failed to appear. Bank of America was in default of the complaint pursuant to Civ.R. 55.
{¶ 5} Allegedly in September 2014, the Hermans defaulted on their payments under the note. The Hermans were sent a letter on October 14, 2014 from loan servicer, Green Tree Servicing LLC ("Green Tree"), advising the Hermans about the default and the right to cure. On November 6, 2014, records indicate the mortgage assignment to Green Tree was recorded.
{¶ 6} On February 27, 2015, a judgment entry was entered in the SRB Servicing case in favor of SRB Servicing LLC. On May 6, 2015, Green Tree moved to intervene in SRB Servicing . On August 31, 2015, Green Tree merged with Ditech Financial LLC.
*1284 {¶ 7} The SRB Servicing case was settled, post judgment. As a result, the foreclosure judgment entry in that case was vacated on November 24, 2015.
{¶ 8} On March 9, 2016, Ditech Financial LLC filed a complaint in foreclosure. On October 4, 2016, the trial court issued an order substituting MTGLQ Investors, LP (hereinafter "appellee") as the plaintiff. Appellee alleged it is the holder of the promissory note executed by the Hermans and secured by a mortgage on real property located at 6033 McNaughten Grove Lane, Columbus, Ohio.
{¶ 9} On December 13, 2016, appellee moved for summary judgment. The Hermans opposed the motion for summary judgment arguing that there is a question as to the validity of the mortgage held by appellee and the notice of default. On February 18, 2017, the trial court granted appellee's motion for summary judgment. The trial court found that appellant's reliance on the decision rendered in case No. 14CV-5066 is misplaced as the judgment was vacated and the complaint was dismissed. The trial court found that sufficient evidentiary-quality materials established that no genuine issues of material fact existed.
{¶ 10} A final judgment entry was signed on March 6, 2017, which was appealed to this court on March 31, 2017. The Hermans do not dispute that they are behind on payments in their mortgage and note but claim that, for other reasons, they are not in default. Specifically, they allege there are defects in the notice of default process and, that as a result, they did not have an opportunity to cure the default under their note.
{¶ 11} The Hermans contend that SRB Servicing extinguished any interest appellee could have in the mortgage. The Hermans also argue that since the case of SRB Servicing was still ongoing at the time of the notice of default in October 2014 they sought clarification from the mortgage service provider Green Tree. Unable to receive any clarification from Green Tree within the time given to cure, the Hermans argue they were denied a meaningful time to cure.
{¶ 12} The Hermans have had the financial obligation underlying the note and mortgage in this case discharged during bankruptcy proceedings. Thus, appellee cannot and is not seeking a personal money judgment against the Hermans. Appellee is attempting to get the property securing the note and mortgage sold. Appellee is hoping the proceeds from the foreclosure sale will compensate it, at least in part. The trial court granted that relief.
II. ASSIGNMENTS OF ERROR
{¶ 13} The Hermans assign three errors for our consideration:
[I.] The Trial Court erred by granting summary judgment where Appellants demonstrated genuine issues of material fact concerning the validity of Appellee's ownership of the mortgage.
[II.] The Trial Court erred by granting summary judgment where Appellants demonstrated that a new notice of default was required to be given to Appellants after the Mortgage was revived following settlement of a related foreclosure case.
[III.] Genuine issues of material fact exist as to whether Appellants had a meaningful opportunity to cure the default.
III. STANDARD OF REVIEW
{¶ 14} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
[T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely *1285 filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.
{¶ 15} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Tokles & Son, Inc. v. Midwestern Indemn. Co. , 65 Ohio St.3d 621, 629, 605 N.E.2d 936 (1992), citing Harless v. Willis Day Warehousing Co. , 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt , 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264.
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Civ.R. 56(E). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power & Light Co. , 82 Ohio St.3d 482, 485, 696 N.E.2d 1044 (1998). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg , 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138 (1992).
{¶ 16} De novo review is well established as the standard of review for summary judgment. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. See Dresher ; Coventry Twp. v. Ecker , 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327 (9th Dist. 1995).
IV. PRIOR LITIGATION DOES NOT NOW AFFECT THE LENDER'S INTEREST IN THE MORTGAGE
{¶ 17} The first assignment of error argues that there are genuine issues of material fact concerning the validity of appellee's ownership of the mortgage. There is a question of whether evidentiary-quality materials was provided demonstrating that Green Tree Servicing LLC owned the mortgage when it issued a notice of default on October 14, 2014. This interest by which Green Tree issued the notice was allegedly extinguished by the *1286 trial court one month earlier in the SRB Servicing case.
{¶ 18} The McNaughten property at issue in this case was previously foreclosed on in SRB Servicing . SRB Servicing initiated the action of foreclosure on May 12, 2014. In June 2014, the Hermans executed a mortgage against the McNaughten property to secure a $37,500 loan from Sky Bank. SRB Servicing was subsequently assigned Sky Bank's interest in the property.
{¶ 19} In its September 18, 2014 order and judgment entry, the trial court found that Bank of America, successor by its merger with Countrywide Bank, FSB, was in default of the complaint pursuant to Civ.R. 55.
{¶ 20} On November 6, 2014, the mortgage that was held by Countrywide was assigned to Green Tree. (Aff. in support of Ditech's Dec. 13, 2016 Mot. for Summ. Jgmt.)
{¶ 21} On November 12, 2014, SRB Servicing filed a motion for summary judgment against the Hermans and, on January 28, 2015, the trial court entered summary judgment in favor of SRB Servicing. The Hermans filed a notice of appeal.
{¶ 22} On July 2, 2015, the trial court denied Green Tree's motions for leave to file an amended motion, to intervene instanter, and to vacate void judgment. The trial court found that Bank of America failed to timely answer SRB Servicing's complaint. SRB Servicing moved for default judgment which was granted. The trial court stated that the February 16, 2015 judicial report indicated that on November 12, 2014 there was an assignment of $208,000 mortgage interest of Countrywide Bank from Mortgage Electronic Registration Systems, the designated nominee for Countrywide Bank to Green Tree.
{¶ 23} The trial court explicitly stated in its July 2, 2015 decision that it extinguished the interests that Countrywide held in the property due to Bank of America's failure to defend that interest. The decision to deny Green Tree permission to intervene was within the sound discretion of the trial court. Univ. Hosps. of Cleveland v. Lynch , 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, ¶ 47-48. "Green Tree acquired or at least attempted to acquire an interest in the Property after this litigation was filed, and after [Bank of America]'s interest was extinguished. Green Tree, had it conducted its due diligence before the assignment, would have learned about this litigation and learned that the interests * * * were extinguished." (Jan. 12, 2017 Memo in Opp. to Mot. for Summ. Jgmt.)
{¶ 24} On November 24, 2015, the trial court vacated the judgment decree of foreclosure and order of sale in Franklin C.P. No. 14CV-5066. The trial court's foreclosure and order sale entered on February 27, 2015 was vacated pursuant to Civ.R. 60(B), and the complaint filed May 12, 2014 was dismissed pursuant to Civ.R. 41(A)(2).
{¶ 25} The trial court had dismissed the complaint pursuant to Civ.R. 41(A)(2) without prejudice.
{¶ 26} Bank of America, as a defendant in the lawsuit, cannot be prejudiced by the trial court's September 18, 2014 order after the complaint was dismissed. The purpose of allowing a court to condition a dismissal on certain terms, under Civ.R. 41(A)(2), is to prevent prejudice to the nonmoving party. Lilly v. Lilly , 26 Ohio App.3d 192, 499 N.E.2d 21 (2d Dist. 1985). A dismissal under Civ.R. 41(A)(2) should leave the parties in the same position as if the case had never been filed. Davis v. Domestic Linen Supply Co. , 7th Dist. No. 06-MA-87, 2007-Ohio-3498, 2007 WL 1976729, ¶ 32 ;
*1287 In re Vitantonio , 11th Dist. No. 89-A-1436, 1989 WL 140150 (Nov. 17, 1989). The interests of Bank of America are returned to the same position as if the action had never been brought. The September 18, 2014 order and judgment entry that found Bank of America in default of the complaint pursuant to Civ.R. 55 therefore does not preclude Green Tree or its successors from bringing a complaint of foreclosure.
{¶ 27} The first assignment of error is overruled.
V. THE NOTICE OF DEFAULT WAS INVALID WHEN WRITTEN AND REMAINS INVALID
{¶ 28} The second assignment of error argues that the October 14, 2014 notice of default, on which this foreclosure is based, is invalid as it was issued after Bank of America was found in default when at the time the interest in the mortgage had been extinguished. Similarly, the third assignment of error argues that the period to cure the default after the October 14, 2014 notice of default was invalid as the interest at that time had been extinguished.
{¶ 29} "The sufficiency of notice depends upon the terms of the mortgage note." Natl. City Bank v. Abdalla , 131 Ohio App.3d 204, 211, 722 N.E.2d 130 (7th Dist. 1999). Where the note is payable on demand, the action is on the mortgage, and no demand of payment preceding the action is necessary. Union Cent. Life Ins. Co. v. Curtis , 35 Ohio St. 357, 358 (1880). The action itself is sufficient notice of demand. Where the mortgage requires a specified period of time to elapse before instituting an action for foreclosure, no right of action would accrue until expiration of the stipulated time. Id.
{¶ 30} Therefore, we look to the note and the mortgage to determine what the contractual obligations were to issue a notice of default. The note states:
6. BORROWER'S FAILURE TO PAY AS REQUIRED
* * *
(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
* * *
9. WAIVERS
I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.
(Dec. 19, 2007 Note.) The note itself only states that the note holder may send a notice of default giving 30 days before requiring the borrower to pay. While the mortgage itself states that a notice of default is required:
22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this *1288 Security Instrument * * *. The notice shall specify; (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. * * * If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.
(Dec. 20, 2007 Mortgage.) It is clear that by the terms of the mortgage, the Hermans were to receive, in the event of a default, a notice of default and the opportunity to cure the default for a period of not less than 30 days. Only after the Hermans failed to cure the default within the 30 days could the lender accelerate the sum secured by the mortgage and foreclose on the property.
{¶ 31} The October 14, 2014 notice of default is the only purported notice to be given to the Hermans. The notice stated a default of the Hermans failure to submit monthly payments due on September 1, and October 1, 2014. The period of time in order to cure, the default was 30 days from the date of the notice.
{¶ 32} During the entire period from when the notice was given through the period to cure, Bank of America's or Green Tree's interest in property were rendered invalid by way of default judgment. The September 18, 2014 order and judgment entry on the SRB Servicing litigation granted a default judgment against Bank of America for failing to appear and defend its interest in the property. This point was made clear in the trial court's July 2, 2015 decision and entry denying Green Tree's motion to intervene, months after the notice of default was issued when Green Tree realized the condition of their interest in the Hermans property.
{¶ 33} The trial court dismissed the complaint in the SRB Servicing litigation pursuant to Civ.R. 41(A)(2) on November 24, 2015 returning Bank of America's, and its successor's, interest in the property. We find that this does not restore the validity of the October 14, 2014 notice of default. The notice of default at the time was clearly invalid as it was based on an interest that could not be enforced at the time it was issued. The trial court's dismissal of the case over one year later does not retroactively make valid the notice of default. The interest in the property was restored by the trial court on November 24, 2015, but this did not create a valid notice of default because the notice was based on an invalid interest. The trial court can leave parties in the same position as if the case had never been filed but it cannot render a legal instrument valid when that instrument was created based on an invalid interest.
{¶ 34} The second assignment of error is sustained.
{¶ 35} We also find that the Hermans were not given a period of 30 days in which to cure the default. The entire period specified in the notice of default in which they could cure the interest on which that default was based is invalid. Green Tree failed to give a valid date, not less than 30 days from the date the notice was given to the Hermans, by which the default must be cured.
{¶ 36} The third assignment of error is sustained.
VI. CONCLUSION
{¶ 37} The September 18, 2014 order and judgment entry that found Bank of *1289 America in default of the complaint was dismissed, therefore it had no effect on Green Tree or its successors from bringing a complaint of foreclosure. The interest in the property was restored on November 24, 2015. The notice of default however is invalid. It is based on an interest that was not legally enforceable at the time and did offer a time in which the default could be cured.
{¶ 38} Summary judgment is not appropriate as appellee is not entitled to judgment as a matter of law. The judgment of the trial court is reversed and the case is remanded for further proceedings.
Judgment reversed and case remanded for further proceedings.
HORTON, JJ., concurs.
KLATT, J., concurs separately.